349 So.2d 887 (1977)
Gordon GOUDEAU
v.
DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE POLICE.
No. 11368.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied August 24, 1977.
Writ Refused October 14, 1977.
Christopher J. Roy, Alexandria, for appellant Gordon Goudeau.
Howard P. Elliott, Jr., Baton Rouge, for appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
This is an appeal by Gordon Goudeau from a ruling of the State Civil Service Commission affirming his dismissal from his position as Senior Trooper with the Louisiana State Police.
The letter of dismissal, dated August 25, 1975, contains seven separate charges of alleged misconduct. The first of these was found to be not proven by the Commission and is not before us for consideration. In view of our findings as to Charges 5, 6, and 7, which were admitted by Trooper Goudeau and by the other parties involved, we do not find it necessary to discuss the merits of Charges 2, 3 and 4.
Charges 5, 6 and 7 are as follows:
"5. On or about April 4, 1974, you fixed or had fixed a traffic ticket issued to Johnny DeSoto on March 28, 1974, you did so at the request of Mr. Alonzo Lemoine.

*888 Mr. Lemoine and Mr. Gus Lachney have stated that you requested and they delivered to your residence sixty (60) gallons of diesel oil for having fixed the ticket. You did not deny fixing the ticket and you confirmed the delivery of the diesel oil. You have also stated that in the past, you have asked Judge Lee for assistance in nolle pressing tickets and you were aware that such actions were in violation of Procedural Order No. 302.5(a).
"6. Mr. John Gremillion of Bunkie has stated that he had in his possession a 39.5 radio, property of the City of Bunkie, sent to him for repairs by the Bunkie Chief of Police. He had had the radio about a year when you approached him and asked him if he wanted to get rid of it. You told him you had a buyer in Mansura, Louisiana, who wanted to purchase the radio.
"You then approached Mitchell Tassin of Tassin's Skelly's Service in Mansura and offered him the radio, which he reluctantly agreed to accept out of fear of incurring your enmity. You instructed Mr. Tassin to make out a check in the amount of $225.00 to Marvin Redman, which check is dated April 4, 1974. Mr. Redman has stated that you called him and had him meet you at the Bunkie Police Station. When he arrived, you instructed him to cash the check made out to him, and to return with the proceeds. He turned over the entire amount to you and you later gave $60.00 in cash to Mr. Gremillion for his part of the deal. This conduct was in violation of Procedural Order No. 302.5(a). Mr. Gremillion installed the radio in Mr. Tassin's wrecker. The radio, property of the City of Bunkie, bore no serial plate when it was installed in Mr. Tassin's wrecker. Mr. Gremillion has since been charged with theft and has pleaded guilty.
"7. On March 20, 1975, John Gremillion presented a bill for $1,130.25 to the Avoyelles Parish Police Jury for the purchase and installation of three (3) CB radios. You had approached Gremillion regarding the purchase and resale of these radios to the Police Jury. He installed two of the radios in Police units and the third in your personal car. He purchased the radios for $200.00 each in Alexandria, but he billed the Police Jury for $1,055.25 for the radios and $75.00 for installation.
"After charging the Avoyelles Police Jury $75.00 for installing the three CB radios, Mr. Gremillion presented a bill for $105.75 dated March 20, 1975, to the Ward 10 Marshal's for installation of the same three radios. Mr. Gremillion has stated that you and he conspired in this double billing and that you told him the Ward 10 Marshal's office was willing to pay a second installation charge. When he collected from both the Parish and the Ward 10 Marshal's office, he wrote out a check to you in the amount of $238.18 dated May 2, 1975, in return for your having helped him make the sale. The cancelled check is made out to you personally and bears your endorsement. This is in violation of Procedural Order No. 302.5(a). Mr. Gremillion has also pleaded guilty to this offense."
Procedural Order No. 302.5A, Sub-section B(4) governing Rules of Conduct, provides in part, as follows:
"No compensation, reward, or other consideration from private sources shall be solicited or accepted by members of the Division without special permission from the Superintendent."
The Commission found, and we agree, that each of the above charges was fully proven. We also note that all of the essential allegations thereof were admitted by the defendant. With respect to Charge No. 6, Trooper Goudeau testified that he had the check for the price of the radio made out to a third party because he knew that what he was doing was a violation of the regulations.
It is defendant's position that the foregoing actions, if proven, did not constitute legal cause for his discharge. In Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962), the court said:

*889 "Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Of course there must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service; otherwise legal cause is not present, and any disciplinary action by the commission is arbitrary and capricious."
In this case, the Commission found defendant's conduct to be "inimical to conduct becoming a police officer," and that "his discharge was justified." In our opinion, the conduct set forth in Charges 5, 6 and 7, which has been proven, and which is admitted by the defendant, constitutes legal cause for his discharge under the language of the Leggett case, supra.
Defendant has assigned as error a number of alleged technical errors made during and prior to the hearing held below.
First, he complains that he was not permitted to propound certain interrogatories to the appointing authority. The record shows that the interrogatories were filed with the Commission and served upon the Louisiana State Police. On February 19, 1976, the following letter was directed to defendant's counsel:
"Receipt is acknowledged of your correspondence of February 11, 1976 with enclosed "Interrogatories to Louisiana State Police".
"Rules of the Commission permit of no such discovery devices.
"Nevertheless, the pleading will be placed in the Commission's file folder for such disposition as it deems apropos."
No action was ever taken by the Commission relative thereto, and no objection was made by defendant until he appealed from the opinion of the Commission. There is, therefore, no ruling for us to review, and, in any event, we think defendant has waived his right to complain.
The hearing below was conducted before a referee, pursuant to the provisions of Article X, § 12 of the Constitution of 1974, which provides:
"Each commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final."
Civil Service Rule 13.20 provides:
"The Commission may refer the taking of testimony of any one or more witnesses to one or more of its members, or to the Director, or to any employee of the Department of Civil Service, who shall proceed in accordance with, and shall have the authority vested in referees by Part I of Article X of the Constitution of this State."
We think it clear that a referee appointed by the Commission has only the authority to take testimony, and has no decisional power whatsoever.
At the hearing, defendant asked the referee to rule on a motion for summary disposition of his suspension, which occurred prior to his dismissal. The referee referred the matter to the merits, and defendant alleges that her refusal to rule was error. As pointed out above, a referee has no such authority, and defendant's specification of error is without merit.
Defendant also assigns as error the manner in which the hearing was conducted by the referee, Donna W. Lee, alleging that she stepped outside of her constitutional role by addressing questions to the various witnesses. We find no error in her conduct of the hearing. We think the referee comported herself in a judicious and judicial manner, that her evidentiary rulings were fair and proper; and that the questions addressed by her to the witnesses were incisive and to the point, serving as a valuable *890 supplement to the testimony elicited from the witnesses by counsel. Such participation is permitted by Civil Service Rule 13.19(h). We find no evidence of any abuse of her authority, or of bias or prejudice on her part.
Defendant also alleges that the decision of the Commission was based on findings made by the referee, which form no part of the record. He further alleges that the testimony taken by the referee was not transcribed until after the opinion of the Commission was rendered. He assigns as error the refusal of the Commission to make available to him the report and opinion of the referee, and the alleged failure of the Commission to read the transcript before handing down its opinion.
The record does not reflect the date on which the testimony was transcribed and filed in the record. The hearing was held on June 21, 1976, and the opinion of the Commission was dated and filed on December 3, 1976. We further note that this appeal was perfected by the filing of the bond on January 3, 1977, and that the record was received in this Court on January 19, 1977.
The opinion of the Commission states that "A transcript of the hearing has been prepared and examined by all of the members of the Commission." There is nothing in the record to indicate that any report or opinion was made by the referee. Despite defendant's argument to the contrary, we find that the Commission members read the entire transcript, as required by law, before rendering the opinion. If any report, opinion or recommendations were made by the referee, it would properly form part of the record. However, it does not appear that is the case herein.
We find no reversible error, and the opinion of the State Civil Service Commission, affirming the dismissal of Gordon Goudeau, is therefore affirmed, at defendant's cost.
AFFIRMED.