GULOTTA, Judge.
Cheryl Boudreaux appeals from the Civil Service Commission’s decision upholding her termination as a probationary automotive mechanic with the Equipment Maintenance Division (EMD) of the City of New Orleans.
Plaintiff contends 1) that the hearing examiner’s lack of objectivity deprived her of a fair hearing, and 2) that the Commission erred in holding that she had failed to prove sex discrimination as required by LSA-Const. Art. 10 § 8.[1] We find no merit to these contentions. Accordingly, we affirm.
According to plaintiff, the examiner at the hearing acted without authority under his constitutional role by improperly commenting on the evidence, giving his opinion on the merits, and asking leading, inflammatory questions. We do not agree.
We do not find any specific instances of lack of objectivity by the examiner. His comments included his opinion that plaintiff had failed to prove discrimination, and that some actions by plaintiff’s superiors had not constituted- discrimination. The examiner’s questions were leading only to the extent necessary to elicit testimony and expedite the hearing.
Although it is true that the examiner voiced his opinion and commented on plaintiff’s failure to meet the burden of proof, nonetheless, according to LSA-Const. Art. 10 § 12(B), he is appointed “to take testimony”, and has no decisional power. See Goudeau v. Dept. of Public Safety, Div., Etc., 349 So.2d 887 (La.App. 1st Cir.1977), writ denied 351 So.2d 165 (La.1977). We do not find that the examiner’s conduct in our case deprived plaintiff of an opportunity to present evidence or denied her a fair hearing.
Plaintiff also contends that the examiner’s refusal to allow her to rebut adverse testimony denied her a fair hearing. The testimony plaintiff sought to rebut was that of witnesses called on her behalf. As her witnesses, she vouches for their veracity unless they are called as adverse witnesses. This was not done in this case. Furthermore, assuming she had been permitted to retestify, she presumably would have only *665 reaffirmed her testimony offered earlier in the hearing. Under these circumstances, we find no prejudice to plaintiff.
Further, we reject plaintiff’s argument that she successfully proved that her dismissal was based on sex discrimination.
Boudreaux testified she felt she had been terminated for “sexual things”. She claimed that the first incident of sexual harassment occurred when her former immediate supervisor transferred her from his crew because “he didn’t want any women in the crew.... ” Additionally, she claimed she was dismissed because she “wouldn’t play ball” with her shop supervisor, a different individual, and would not submit herself “to being sexually harassed by him.” Boudreaux stated that this shop supervisor would comment on her appearance, and called himself a “dirty old man”. According to plaintiff, he stated he “likes black women” and on receiving her paycheck, once told her, “I have been trying to play with you but you won’t let me.” Bou-dreaux further testified that on other occasions he almost kissed her, offered to reach into her blouse to obtain change, and poised himself as if ready to tackle her.
None of Boudreaux’s testimony relating to sexual harassment was corroborated by any of the seven other witnesses plaintiff called on her behalf. The shop supervisor testified he had “treated her in a decent manner”, “respected her as a lady”, and had not been “overfriendly” to Boudreaux in any way. He denied suggestively teasing her, attempting to tackle her, or asking her to park outside his office to view her for sexual purposes as claimed by plaintiff. He stated it “didn’t make any difference who she was ..., as long as she did her job.” Boudreaux’s second immediate supervisor corroborated the shop supervisor’s testimony by denying having heard him make an offer to reach into plaintiff’s blouse.
Further, plaintiff’s former immediate supervisor testified that he had requested Boudreaux be transferred from his division because “she didn’t want to accept the policies”, and resented his authority. According to him, it was Boudreaux, not he, who made the statement that he “didn’t like her because she was a woman”. Another maintenance supervisor, who had witnessed this conversation, corroborated his testimony.
Similarly, three other co-workers all testified that they were unaware of any incidents of discrimination or harassment against Boudreaux.
Under LSA-Const. Art. 10 § 8(B), the employee bears the burden of proving unlawful termination because of sex discrimination. See also Bernard v. L.H.H.R. A. — Southwest Charity, Etc., 358 So.2d 653 (La.App. 1st Cir.1978). Considering the evidence, we find no error in the Commission’s conclusion that Boudreaux failed to meet her burden.
Rather, the record supports the Commission’s conclusion that Boudreaux was dismissed for cause based on evidence of her excessive tardiness, excessive sick leave, insubordination, profanity, and inordinate delay in performing her job.
Accordingly, we affirm the judgment of the Civil Service Commission.
AFFIRMED.

. LSA-Const. Art. 10 § 8(B) provides: “No classified employee shall be discriminated against because of ... sex_ The burden of proof on appeal, as to the facts, shall be on the employee.”