WARD, Judge.
The appellee, Mr. Phillips, was an employee of the City of New Orleans, and worked as a dispatcher in the Equipment Maintenance Division when he was dismissed by the Chief Administrative Officer on August 3, 1981. He appealed his dismissal to the Civil Service Commission, and the Commission overturned the dismissal, held in favor of Phillips, and ordered him reinstated. The Chief Administrative Office, Phillips’s appointing authority, brings this appeal. The issue before this Court is whether the Civil Service Commission erred when it reversed the action of dismissal by the Chief Administrative Office (CAO).
The appellant, the CAO, who based the dismissal on the recommendation of Phillips’s immediate supervisor, argues that there was legal cause for the dismissal of Phillips because of his misconduct and improper performance of his job. The charge against Phillips has been variously stated. The letter of dismissal from Phillips’s supervisor stated: “You, having full responsibility for dispatching equipment, knowingly allowed an off duty employee to leave the premises with City equipment intended for personal use.” At the hearing before the Commission, Phillips’s immediate supervisor stated the grounds for the dismissal of Phillips: “He allowed an off duty employee to enter the premises of the Equipment Maintenance Garage to take a wrecker and to leave the premises with it, subsequently hitting a pole and wrecking the wrecker.” (TR p. 7)
Phillips argues that the CAO, his appointing authority, failed to carry the burden of proof that the dismissal was for cause, and, therefore, the action of the Commission should be affirmed. We agree.
This incident occurred in the early morning of August 1, 1981, shortly before Phillips was going off duty. Phillips and a security guard were the only people at the Dispatcher Office on Alvar Street when an off duty employee, Mr. Washington, came onto the premises and requested use of a City wrecker. Phillips refused, but Washington commandeered the wrecker, drove it *978 off the premises, and wrecked it one block away. The supervisor of the next shift, Mr. Henninger, observed the wreck as he was coming to work, and as he was discussing the incident with Phillips, Washington returned to the premises and commandeered a second wrecker and drove it off the premises. The New Orleans Police Department investigated the incident, and thereafter the CAO concluded that Phillips was at fault, and the CAO terminated Phillips’s employment.
When Mr. Phillips was appointed as a Dispatcher, his job description was given: “Routine work in the receiving and giving the appropriate response to requests for field service for city-owned automotive equipment, and related work as required.”
We conclude, as the Commission did, that the City has not met its burden to prove that Phillips failed to perform his job. First, the record does not show that Phillips is responsible for keeping unauthorized persons off the premises. That duty is not included in his job description. The testimony at the hearing shows that the Security Guard, not Phillips, was responsible for unlocking the gates. Secondly, it was not proven that Phillips permitted Washington to take the wrecker. The record shows just the opposite.
When Washington requested use of the City wrecker, his request was refused by Phillips. The Security Guard testified that the only way Washington could have been stopped from leaving with the wrecker was if someone had shot at him. Phillips was not armed, and the guard, although armed, is only authorized to shoot in “life threatening situations”. The Commission concluded there was nothing Phillips could have done to have restrained Washington from leaving the premises with the wrecker.
When an employee brings an appeal before the Commission, the appointing authority bears the burden of proof to show that the dismissal was for cause. Stiles v. Department of Public Safety, Drivers’ License Division, 361 So.2d 267 (La.App. 1st Cir.1978). We agree with the Commission’s holding that the City failed to prove that Phillips either allowed an unauthorized person to enter the premises or that he could have prevented the unauthorized removal of City equipment.
The Supreme Court stated in Newman v. Department of Fire, 425 So.2d 753, 754 (La.1983):
The appropriate standard of appellate review of action by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary or capricious.... As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission.
The action of the Commission was neither arbitrary nor capricious, and we affirm its decision to reinstate Mr. Phillips, and assess all costs to the appellant.
Affirmed.