455 So.2d 1242 (1984)
Larry MORGAN
v.
CHIEF ADMINISTRATIVE OFFICE.
No. CA-1778.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1984.
Writ Denied November 9, 1984.
Jonathan M. Lake, New Orleans, for appellant.
Harold D. Marchand, Asst. City Atty., New Orleans, for appellee.
Before GULOTTA, LOBRANO and ARMSTRONG, JJ.
GULOTTA, Judge.
Larry J. Morgan appeals from a holding of the Civil Service Commission affirming his dismissal from his job as a painter with the Equipment Maintenance Division (EMD) of the City of New Orleans. We affirm.
The letter of dismissal from the acting superintendent of the EMD assigned as reasons Morgan's abuse of sick leave compounded by the untruthful accusations he publicly made at a City Council meeting against the Commission and the City while on sick leave. Plaintiff contends: 1) the City failed to prove that he abused sick leave and that his statements were prejudicial and detrimental to the Department and to the City; 2) the facts did not warrant his termination; and 3) the hearing was not *1243 conducted impartially, and a new hearing with another examiner should be granted.
On the morning of April 21, 1983, Morgan, complaining of an ear infection, called in sick. At about 2:30 that afternoon, however, Morgan spoke at a City Council meeting and made accusations of wrongdoing at high levels of City government and of theft in Central Maintenance. He charged also that a "brotherhood" existed between administrators and the Commission and that on the previous day, April 20, 1983, his superiors, Joseph Palestina and Nicholas Nero, had told him he would be fired if he attended the meeting and spoke out about wrongdoings in the maintenance division.
Morgan was terminated from his employment effective May 3, 1983. The letter of dismissal advised Morgan that he had been seen at the Council meeting while on sick leave, that both Nero, the acting superintendent, and Palestina had talked with him outside the meeting when Morgan advised them that he had doctor's certificates, and that later at about 2:30 p.m., they had heard Morgan on the radio speaking at the Council meeting. The letter further states that this action constituted "an abuse of sick leave" because if Morgan was "too sick to attend work", he was "too sick to attend a Council hearing." The letter also informed Morgan that two certificates from his physicians indicated that neither doctor had been available to see him until after he spoke at the hearing.
According to the dismissal letter, although the disciplinary action for sick leave abuse would have been a two week suspension, Morgan's employment was being terminated because his false statements were "acts to the prejudice of the service in that they hamper the management personnel... by placing their honesty and integrity in question...." The letter also stated that Morgan's actions "cast unwarranted suspicion on the honesty and fairness of Civil Service, cause a loss of faith in City government..., and may cause a loss of time and effort to the Office of Municipal Investigation...."
At the Civil Service hearing, both Nero and Palestina testified that neither of them had spoken with Morgan on April 20, or had threatened him. According to Nero, although there is no written standard for abuse of sick leave he applies a standard of reasonableness. Palestina testified that Morgan was fired for committing acts to prejudice the Service by making the statement about himself and Nero at the hearing.
Morgan's former co-worker, Donald Anderson, testified that on April 20, 1981, when he was no longer a City employee, he had visited Morgan in the shop and had overheard Palestina tell Morgan he would be fired if he spoke out against the administration at the Council meeting on the next day. Anderson refused to answer whether he had been dismissed from EMD. The examiner then noted that Anderson had been subject to disciplinary action previously and "apparently" had been terminated. Morgan also testified that Palestina had threatened him, and that his intent was not to prejudice or cause harm to Civil Service.
In its reasons for affirming the dismissal of Morgan's appeal, the Commission stated the only proof Morgan had offered of his accusations of wrongdoing at higher levels of government, his charges of the existence of a conspiracy between the "administrators" and the Civil Service to allow unauthorized acts to go unpunished, and the threats by Palestina and Nero, was the testimony of Anderson, whose veracity was questionable. According to the Commission, Morgan failed to prove the "very serious" charges he made "which an employee should not be allowed to utter against his employer or his supervisors, recklessly or maliciously." In dismissing Morgan's appeal, the Commission found the City had "proven its case, [and] that the punishment, while on the severe side was not unreasonable".
Our consideration of the evidence presented at the Civil Service Commission hearing leads us to conclude that the findings of the Commission are accurate and *1244 correct. The testimony of Morgan and Anderson was most unimpressive.
When an employee brings an appeal before the Commission, the appointing authority bears the burden of proving that the dismissal was for cause. LSA-Const. Art. 10 Sec. 8(A); Phillips v. Chief Administrative Office, 437 So.2d 977 (La.App. 4th Cir.1983); Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir.1982). The Supreme Court in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962) held legal cause for disciplinary action to exist when the facts found by the Commission disclose that the conduct of the employee impairs the efficiency of the public service. The appropriate standard of appellate review of action by the Civil Service Commission is to determine whether the Commission's conclusion was arbitrary or capricious; and the appointing authority must demonstrate by a preponderance of the evidence that the employee's conduct did in fact impair the efficiency and orderly operation of the public service. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984); Newman v. Department of Fire, 425 So.2d 753 (La.1983). The evidence considered, we cannot say the Commission erred in dismissing Morgan's appeal.
Furthermore, plaintiff failed to provide any specific instances where the hearing examiner's comments were biased, unnecessary and prejudicial. Morgan's conduct was most difficult for an impartial and objective examiner to control. Moreover, according to LSA-Const. Art. 10 Sec. 12(B), a hearing examiner is appointed "to take testimony" and has no decisional authority. See Boudreaux v. Chief Administrative Office, 436 So.2d 663 (La.App. 4th Cir. 1983); Goudeau v. Dept. of Public Safety, Div., Etc., 349 So.2d 887 (La.App. 1st Cir. 1977), writ denied 351 So.2d 165 (La.1977). We find no demonstrable lack of objectivity by the examiner or any unnecessary and prejudicial comments. See Dixon v. Department of Finance, 444 So.2d 760 (La. App. 4th Cir.1984); Boudreaux v. Chief Administrative Officer, supra; Goudeau v. Dept. of Public Safety, Div. Etc., supra.
Although we have concluded that the appointing authority was justified in terminating Morgan's employment in this case, we do not mean to imply that a public employee may not speak out to the proper authorities when there is evidence of wrongdoing in his department. Legitimate, responsible criticism is necessary to promote public confidence in our government. In the instant case, however, there was no such evidence, and it is apparent that Morgan's conduct was reckless and irresponsible under the circumstances.
Having so concluded, we affirm the Commission's holding.
AFFIRMED.