466 So.2d 772 (1985)
Albertha HUBBARD
v.
DEPARTMENT OF CITY CIVIL SERVICE, et al.
No. CA-2425.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
*773 Walter J. Wilkerson, Jones, Nabonne & Wilkerson, New Orleans, for plaintiff-appellant, Albertha Hubbard.
Ralph D. Dwyer, Jr., New Orleans, for defendants-appellees, Civil Service Commission and John Belsom.
Before BARRY, WARD and WILLIAMS, JJ.
WARD, Judge.
Albertha Hubbard, a civil service employee of the City of New Orleans, filed suit seeking a mandamus that would compel the City to temporarily reinstate her as an employee. The Trial Court denied her petition and she has appealed. We affirm.
Ms. Hubbard had been injured when she slipped and fell while working at her job. She was treated by her physician for those injuries. Later, at the City's request, she was examined by another medical doctor, and after receiving his report, the City ordered her to return to work on or before July 5, 1983. She refused, and when she failed to appear on that day, the City terminated her employment. On July 7, 1983, she timely appealed to the City Civil Service Commission, requesting a hearing that would determine if the City's action was reasonable. On August 5th, the Commission notified her that her request had been received, and on August 12th, the Commission notified her that the hearing was scheduled for September 12, 1983. However, on September 9th, the Commission continued the hearing until October 28th, and shortly before that date the Commission again continued the hearing to November 30, 1983. After she received notice of the second continuance, Ms. Hubbard filed her petition for mandamus.
A hearing on the mandamus was held and the Trial Court found the City had done all that it was required to do when it initiated the hearing within forty-five days after receipt of Ms. Hubbard's request for an appeal. Ms. Hubbard contends the Trial Judge erred when he refused to grant the mandamus ordering the City to comply with La.R.S. 33:2424:
Any regular employee in the classified service ... who deems that he has been... dismissed ... without just cause, may within sixty days of the action demand a hearing to determine the reasonableness of the action, and the commission shall grant the employee a hearing within forty-five days after receipt of the request. In the event the hearing is not held within the forty-five day period, the employee shall be forthwith reinstated in his position with full pay for lost time, but this shall not jeopardize the right of the commission to finally determine the matter at a later date.
Ms. Hubbard argues that La.R.S. 33:2424 is clear, unambiguous, and applicable. The statute is an old one, enacted in 1940, and the Commission contends it was repealed by the Constitution of 1974. We agree, La.R.S. 33:2424 is inapplicable to the appellate procedure of the City Civil Service Commission.
Article X, Section 1 of the Constitution of 1974 establishes the State and City Civil Service, while Sections 3 and 4 provide for a State and City Civil Service Commission, and Section 10 describes the rule making *774 authority that is vested in each Commission. That authority is comprehensive:
Section 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rule-making and subpoena powers for the administration and regulations of the classified service....
* * * * * *
Section 12 governs appeals:
Each commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths.
* * * * * *
To administer and regulate appeals, the Commission adopted Rule II, 4.11:
The Commission shall initiate a hearing of the appeal within forty-five (45) calendar days after receipt of the request and shall have the right to continue the hearing from time to time for good cause. When the continuation of a hearing is granted at the request of an appellant, it shall be deemed to be a waiver of back pay for the period of time occasioned by the delay, unless the Commission shall rule otherwise.
Thus, the 1940 statute requires that unless a hearing is held within forty-five days an employee must be temporarily reinstated, while the rule promulgated pursuant to the 1974 Constitution requires only that the Commission initiate the hearing within that time and says nothing about reinstatement. The omission of provisions for temporary reinstatement cannot be viewed as a simple oversight; rather, it must be viewed as a well-considered omission which underscores the conflict between statute and rule. Hence, we find there is a conflict.
Having decided the statute and the rule conflict, which applies? In a similar case, Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982) the Supreme Court, having found a conflict between the Administrative Procedure Act which provided for rehearings and the State Civil Service Rule which did not, held:
La. Const. art. 10, Sec. 10(A) vests the Commission "with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service...." This constitutional grant of rule-making power to the Commission precludes the legislature from enacting a statute which would nullify the Commission's rule prohibiting a hearing from a final decision of the Commission. Accordingly, the rehearing provision of the Administrative Procedure Act is not applicable to decisions of the Commission. Cf. La. Consumers' League, Inc. v. La. Public Service Commission, 351 So.2d 128 (La.1977).
We believe this decision is controlling, and when a statute conflicts with a Commission rule adopted pursuant to Section 10(A)(1), the statute must give way to the rule.
All that is now necessary is to decide if the Commission complied with the rule, and we find that it did. The letter of August 5th, 1983 from the Commission to Ms. Albertha Hubbard notified her that her appeal had been added to Commission docket and the Commission's letter of August 7th informed her of the date of the hearing. From this we readily conclude that the Commission initiated a hearing within forty-five days, complying with Rule II, 4.11.
Affirmed. All costs of trial and this appeal are to be paid by appellant, Albertha Hubbard.