BARRY, Judge.
Plaintiff appeals a Civil Service Commission ruling which upheld her termination from the New Orleans Department of Finance.[1]
In February, 1983 plaintiff, a data entry clerk, was injured in a fall while working. She was treated by Dr. Elmorshidy and received worker’s compensation during her disability.
She returned to work in May pursuant to her doctor’s orders but missed additional work due to recurring problems. At the City’s adjustor’s request plaintiff saw Dr. Nutik on June 13,1983 who found no objective signs of disability and said she could return to work. The adjustor sent plaintiff a letter and Dr. Nutik’s report pursuant to La.R.S. 23:1122,[2] advising her to “return to work no later than Tuesday, July 5, 1983 or present further medical evaluation to refute the opinion noted in Dr. Nutik’s report of June 21, 1983.”
*460 Dr. Elmorshidy sent the Director of Finance a report dated June 18, 1983 relating to an examination on June 7 by his associate, Dr. Rosenkrantz, who diagnosed strains of the lumbar spine and the medial collateral ligament of the right knee. Dr. Elmorshidy stated plaintiff could return to work within four to six weeks. The Department of Finance received the report on June 27 and the insurer on June 30, 1983. The Finance Director testified he was unaware of the letter until plaintiff went before him for termination.
Plaintiff did not return to work on July 5, 1983 and was terminated that date for reasons she received by a letter: 1) the bureau needed someone to fill the position in order to maintain the workload; 2) based on Dr. Nutik’s report plaintiff was told to return by July 5th, she did not, nor did she explain her absence or request annual or sick leave; 3) although Dr. Elmorshidy stated she could return to work in four to six weeks, she made no attempt to return or call. Plaintiff returned to work July 7th and was orally informed of her termination (the termination letter was received later).
At the Commission hearing plaintiff testified that after receiving the letter ordering her return to work or provide refuting medical evidence, she assumed Dr. El-morshidy mailed his report to the employer which advised her to stay out at least until July 7th. She telephoned her supervisor, Ms. Williams, and told her when she could return. Plaintiff said she saw Dr. El-morshidy on July 1st and was told to return to work July 7th. ■
Admitting his staff erred by not informing him of Dr. Elmorshidy’s letter, the Director testified plaintiff should have informed the department when she could return to work. He stated that his decision to terminate was made primarily pursuant to the adjustor's notice that she must return by July 5th.
The Civil Service Commission concluded that plaintiff ignored the mandate from the adjustor and followed the advice of her personal doctor without notifying her employer. The Commission stated that since her position had been held open for six months, it was “incumbent upon her to inform the department if she would or would not report to work on the appointed date.”
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. La. Const. Art. X § 8. Cause for dismissal of such an employee includes conduct detrimental to the efficient operation of the public service. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984). The permanent employee may appeal from such disciplinary action to the Civil Service Commission; the appointing authority bears the burden of proving by a preponderance of the evidence that the employee’s conduct in fact impaired the efficiency and orderly operation of the public service. La. Const. Art. X § 8; Newman v. Department of Fire, 425 So.2d 753 (La.1983); Lombas v. Department of Police, 467 So.2d 1273 (La.App. 4th Cir.1985), writ denied 470 So.2d 120 (1985). See also Morgan v. Chief Administrative Office, 455 So.2d 1242 (La.App. 4th Cir.1984), writ denied 459 So.2d 541 (La.1984).
The Commission has a duty to decide independently from the facts presented whether the appointing authority has good cause for taking such disciplinary action and if so, “whether the punishment imposed is commensurate with the dereliction.” Walters v. Department of Police of City of New Orleans, supra at p. 113. Dismissal from permanent employment is the ultimate disciplinary action that can be taken against a classified employee. Lombas v. Department of Police, supra.
The Civil Service Commission’s decision is subject to review on any questions of law or fact upon appeal to the court of appeal. La. Const. Art. X § 12(B); Bruno v. Department of Police, 462 So.2d 139 (La.1985). The standard of review of actions by the Commission was enunciated in *461 Walters v. Department of Police of City of New Orleans, supra at pp. 113-114:
Thus a multifaceted review function is committed to the court in civil service disciplinary cases. In reviewing the commission’s procedural decisions and interpretations of law the court performs its traditional plenary functions of insuring procedural rectitude and reviewing questions of law. Due concern both for the intention of the constitution and for the boundaries between the functions of the commission and of the court, however, demands that a reviewing court exercise other aspects of its review function with more circumspection. In reviewing the commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion, (citations omitted).
Disciplinary action against a civil service employee is deemed arbitrary and capricious unless there is a real and substantial relationship between the employee’s improper conduct and the efficiency of the public service. The conduct must have actually impaired the orderly operation of the city department. Newman v. Department of Fire, supra.
Here we find plaintiff’s conduct was properly based on her physician’s advice not to return to work until July 7th. Importantly, plaintiff’s testimony is uncontra-dicted that she advised her supervisor by telephone when she could return. The Department of Finance received Dr. Elmorshi-dy’s report on June 27 and did not respond under La.R.S. 23:1122. That report became prima facie evidence that plaintiff could not return to work on July 5th.
A clear lack of communication between the Department of Finance and its adjustor as well as within the Finance Department precipitated this unlikely situation. The employer admitted receipt of Dr. Elmorshi-dy’s letter by June 27, 1983, within the six day statutory limit to reply to Dr. Nutik’s attached to the June 23rd report. The Commission clearly erred and abused its discretion in finding legal cause for dismissal.
The Civil Service Commission is reversed. Albertha Hubbard is ordered reinstated with full back pay.
REVERSED.

. Plaintiff recently appealed the trial court’s denial of her petition seeking a mandamus to compel the City to temporarily reinstate her. We affirmed. 466 So.2d 772 (La.App. 4th Cir. 1985).

. La.R.S. 23:1122 provides:
The employer shall cause the examination provided for in the preceding Section to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer’s physician upon the employee within six days after the employer’s receipt of the report of such examination. If the examination is not made and the report is not furnished by the employer within that time, the employee shall furnish a report of the examination made by his own physician to the employer, for which the employee shall be entitled to receive from the employer the actual cost of the examination and the actual cost of the report. The physician’s invoice or receipt shall be prima facie proof of the cost. Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter.