SCHOTT, Judge.
This is an appeal by three New Orleans police officers from a judgment of the Civil Service Commission of the City of New Orleans upholding appellants’ dismissal from the police department. Appellants were convicted in the United States District Court of conspiring to violate the civil rights of others in violation of 18 U.S.C. §§ 241 and 242 and sentenced to five years in the penitentiary. The Commission held that proof of conviction was sufficient to warrant dismissal and rejected appellants’ charge of discrimination.
After appellants were convicted in federal court the Superintendent of Police, their appointing authority, notified them of their dismissal for violating Rule 2, paragraph 1 of the Department’s Operations Manual prescribing “Moral Conduct” and requiring members to abide by all laws including those of the United States; and for violating Rule IX, Section 1, paragraph 1.1 of the rules of the Civil Service Commission prohibiting any act to the prejudice of the service and authorizing the appointing authority to discharge an offender in order to maintain the standards of effective service.
At the hearing on their appeal the appointing authority established that appellants were convicted as aforesaid and rested his case. Appellants proffered evidence that others in the police department who committed crimes had not been dismissed but were given lesser sentences such as fines or suspension. The Commission, in upholding the dismissals, stated that appellants’ evidence that others had not been dismissed was of no help to them because the appointing authority has discretion to impose a penalty it deems appropriate. It further held that the Department of Police may base disciplinary action on the convictions and need not re-establish appellants’ guilt of the charges. In this court appellants contend the appointing authority failed to carry his burden of proof by relying on their convictions and failing to present evidence that they committed the crimes. They also contend they were discriminated against because other policemen in the past who committed crimes were not discharged.
In their appeals to the Commission from their dismissals by the appointing authority the burden of proof, as to the facts, was on the appointing authority. LSA-Const. Art. 10, § 8(A). However, in carrying this burden it was not necessary for the appointing authority to produce evidence to establish that appellants committed the crimes since he proved that they *536 were convicted of the crimes. Johnson v. State Parks & Recreation Commission, 198 So.2d 180 (La.App. 1st Cir.1967). Appellants also contend that the appointing authority failed to prove that their conduct impaired the efficiency of the public service as required by Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). As the Commission succinctly stated: “Appellants were duly convicted in court of the violation of the civil rights of those citizens they are sworn to protect and serve.” That such conduct bears a real and substantial relationship to the efficient operation of the public service is self-evident.
Appellants’ reliance on Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir.1982), is misplaced. There the police officer was discharged because of a series of incidents which the Department deemed sufficient to warrant his dismissal when considered as a whole. But since the appointing authority failed to prove that all these incidents took place his dismissal was properly set aside. In the instant case appellants were tried in federal court and were convicted on evidence which established their guilt beyond a reasonable doubt — a standard of proof much stricter than the preponderance of evidence standard applicable to a Civil Service hearing. The crimes of which they were convicted were serious, they carried severe penalties, and they were abhorrent to their positions of police officers. Their dismissals from the police force were clearly warranted.
The Commission correctly concluded that appellants’ proffered evidence of less severe penalties meted out to other officers for violations of the law did not support their claim of discrimination. An appointing authority is vested with discretion to assess the penalty he deems appropriate in each case. Piirainen v. City of Lake Charles, Inc., 450 So.2d 986 (La.App. 3rd Cir.1984), writ denied 456 So.2d 169 (La.1984); City of Kenner v. Pritchett, 432 So.2d 971 (La.App. 5th Cir.1983). This is not to say he has unbridled discretion or that he cannot abuse his discretion, but in the instant case the penalties of dismissal were warranted by the offenses.
Accordingly, the judgment of the Commission is affirmed.
AFFIRMED.