PRESTON H. HUFFT, Judge Pro Tern.
The New Orleans Recreation Department (NORD) appeals from a decision of the Civil Service Commission of New Orleans (hereinafter Commission) which revoked the dismissal of appellees Howard Verret, Arthur Morris, Raymond Morris, Eric Blackwell, and Deion Duckett for payroll fraud and reinstated them to their positions with NORD subject to the following suspensions. Appellees R. Morris and Duckett were suspended for one hundred and twenty (120) working days “due to the flagrant number of irregularities in signing in and out”. Appellees Verret and Blackwell “had fewer irregularities” and were suspended for thirty (30) working days. Ap-pellee A. Morris was suspended for five (5) working days “for frequently leaving his job site.” Appellees did not answer the appeal or appeal the suspensions. We affirm the decision of the Commission.
The appellees were employed by NORD in the following capacities: Howard Ver-rett, Recreation Attendant; Arthur Morris, Senior Maintenance Worker; Raymond Morris, Lifeguard; Eric Blackwell, Lifeguard; Deion Duckett, Lifeguard. They were all dismissed from NORD on January 4, 1985, having been charged with “participation in payroll fraud, annual/sick leave abuse and consistent mistreatment of NORD’s standards of service.” They appealed the dismissals to the Commission which ordered that appellees be reinstated following the aforementioned suspensions.
The appellees were dismissed from NORD following a report of the Office of Municipal Investigations (OMI). Agents of OMI investigated allegations made by Ms. Simone Moris, an employee of the NORD Treme Center Pool where appellees worked, that the appellees were committing payroll fraud. The OMI agents confiscated daily sign-in time sheets primarily for the years 1983 and 1984, as well as RAMS cards from the personnel department. Based on the descrepancies between the appellees’ time sheets and their RAMS cards, the five appellees were given letters of termination on January 4, 1985.
In a supplemental dismissal letter dated February 11, 1985, several instances of irregularities and inconsistencies between appellees’ time sheets and RAMS cards were noted, primarily in 1983 and 1984. *412 The majority of the irregularities cited involved instances where the appellees either did not sign their time sheets or were on sick or annual leave while receiving regular pay. In addition, there were no decreases in appellees’ annual or sick leave accumulations. Appellee A. Morris was also cited for leaving his job site while on City time but not engaged in City business.
At the hearing on the matter, NORD introduced the time sheets and RAMS cards which reflected discrepancies. Ap-pellees offered several explanations as to why discrepancies existed between their time sheets and their RAMS cards, including forgetting to sign in and out, leaving work from a location other than where the time sheets were located, and working during the lunch hour to make up for late arrival times.
Although the Commission found that discrepancies existed between appellees’ time sheets and their RAMS cards, it did not find sufficient evidence to show that the appellees knowingly participated in payroll fraud. However, the commission did find that the evidence was sufficient to show that appellees’ abused NORD’s policy of signing in and out. Accordingly, the commission revoked the appellees’ dismissals and ordered suspensions varying in length from one hundred and twenty (120) to five (5) working days.
The findings of fact made by the commission will not be reversed or modified unless they are clearly wrong or manifestly erroneous. Walters v. Department of Police of New Orleans, 454 So.2d 106, 114 (La.1984). The burden of proof is on the appointing authority to show by a preponderance of the evidence that the employee’s conduct impaired the efficient and orderly operation of the public service. La. Const. Art. X, § 8 (1974); Lombas v. Department of Police, 467 So.2d 1273 (La.App. 4th Cir.1985). If it is proved that the conduct complained of impairs the efficient and orderly operation of the public service in which the employee is engaged, then there is legal cause for disciplinary action. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Thornton v. DHHR, 394 So.2d 1269, 1270 (La.App. 1st Cir.1981).
Public payroll fraud is committed when: 1) Any person shall knowingly receive any payment or compensation, or knowingly permit his name to be carried on any employment list or payroll for any payment or compensation from the state, for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received or to be received according to such employment list or payroll. (Emphasis added.) La. Revised Statute 14:138.
The Commission found that the appointing authority, NORD, did not prove that appel-lees had knowingly defrauded the City. The evidence presented by NORD was limited to appellees’ time sheets and RAMS cards. There was no additional testimony or evidence presented by NORD to discount the testimony of the appellees. We find that the Commission was not clearly wrong or manifestly erroneous in finding that the appellees had not committed payroll fraud. The Commission’s finding was not arbitrary, capricious or in any way an abuse of discretion.
Accordingly, the decision of the Commission is affirmed.
AFFIRMED.