BARRY, Judge.
Officer Clifford Ratliff appeals a Civil Service Commission decision which upholds his dismissal from the New Orleans Police Department.
BACKGROUND
Officer Ratliff was the subject of two Internal Affairs Division investigations, case #86-520C and case #86-82C. According to # 86-520C, on October 29, 1986 Ratliff and Officer David Handy removed a .38 cal. revolver from a private citizen’s vehicle. The officers failed to turn in the weapon to Central Evidence and Ratliff kept the weapon. According to # 86-82C, on December 16, 1986 Handy left their assigned area and Ratliff did not report his absence. Ratliff gave two contradictory statements (December 17 and December *509 23, 1986) relative to the second investigation.
Ratliff received an emergency suspension on December 23,1986 which he appealed on January 6,1986. A January 27,1987 minute entry shows the Civil Service Commission docketed his appeal (#3227) and assigned the matter to a Hearing Examiner.
In a February 20,1987 letter the Department informed Ratliff that he was suspended 63 days (from December 23, 1986 to February 23, 1987) and terminated effective February 24, 1987 for violating departmental rules and/or procedures relating to the two incidents.
The Police Department found violations of: Rule 2, paragraph 1, adherence to law; La.R.S. 14:67, theft; 828 MGS Section 42-70 and 42-71, relative to unclaimed weapons and their disposition; Rule 2, paragraph 3, truthfulness; Rule 4, paragraph 4, neglect of duty; Rule 4, paragraph 5, ceasing to perform before the end of a tour of duty; FSOP. 198.0, relative to handling confiscated property; and Rule IX, Section 1, paragraph 1.1 of the Commission Rules as to maintaining standards of service.
Ratliff formally requested an appeal on February 25, 1987. His appeal and Handy’s were consolidated and hearings were held on July 9, September 25, and November 3, 1987.
In its March 1,1988 decision the Commission stated that Ratliff admitted he kept the gun. The Commission also found that Ratliff failed to notify his supervisor of Handy’s absence and noted Ratliff's contradictory statements. The opinion concluded that Ratliff’s conduct constituted a most serious offense and his dismissal was upheld. Only Ratliff appealed.
Ratliff specifies as error: (1) the Commission did not initiate a hearing within 45 days; (2) procedural errors precluded a fair trial; (3) the evidence was insufficient and the Commission failed to show any real and substantial relationship between the improper conduct and efficient operation of the Department; (4) the penalty of dismissal was excessive.
CLAIM # 1
Civil Service Commission Rule II, paragraph 4.11 provides: “The Commission shall initiate a hearing of the appeal within forty-five (45) calendar days after receipt of the request....”
Ratliff argues that he formally requested an appeal on February 25, 1987 and the first hearing was on July 9, 1987, past the 45 day limit.
Counsel for Ratliff raised the timeliness issue at the beginning of the July 9 and the November 3 hearings and requested the charges be dismissed. The Hearing Examiner stated that the January 27, 1987 minute entry satisfies a timely hearing under Rule II, paragraph 4.11.
In Hubbard v. Department of City Civil Service, 466 So.2d 772 (La.App. 4th Cir.1985), the employee appealed her termination on July 7, 1983, the Commission notified her on August 5, 1983 that her request had been received, and on August 7, 1983 the Commission notified her of the hearing date. This Court concluded that the Commission initiated a hearing within the required time.
Ratliff was suspended on December 23, 1986, he appealed on January 6, 1987, and his case was opened and a hearing examiner assigned on January 27, 1987. His subsequent dismissal on February 20, 1987 was based on the two incidents which caused his suspension. Based on these facts we are satisfied the Commission complied with Rule II, paragraph 4.11.[1] See Durr v. Natchitoches Municipal Fire and Police Civil Service Board, 392 So.2d 720 (La.App. 3rd Cir.1980); Gibson v. Municipal Fire & Police Civil Service Board of *510 the City of Baton Rouge, 289 So.2d 362 (La.App. 1st Cir.1973), writ denied 293 So.2d 169 (La.1974).
This specification lacks merit.
CLAIM # 2
Ratliff complains about the piecemeal manner in which the hearings were conducted on July 9, September 25, and November 3, 1987. There were problems because subpoenaed witnesses did not appear. The Hearing Examiner deferred to a request by counsel as to which of the three incidents (two involved Ratliff) was to be covered at the first hearing. Ratliff’s counsel did not object. Handy’s counsel did not appear at one hearing and was late for another.
Ratliff argues that combining his hearing with Handy’s case created confusion as to whether he was testifying against Handy or as an appellant. There is no objection to the consolidation of the cases in the record.
We do not find that Ratliff was denied a fair trial. He was given ample opportunity to relate the facts of both incidents.
This argument has no merit.
CLAIM # 3
Ratliff argues the Commission did not have sufficient evidence to prove a violation of department rules and it failed to show any real and substantial relationship between Ratliff’s alleged conduct and the efficient operation of the Department.
A permanent classified city civil service employee cannot be subjected to disciplinary action except for cause expressed in writing. He may appeal the action to the City Civil Service Commission. The burden of proof on appeal as to the facts is on the appointing authority. La.Const. Art. X, § 8; Rule II, paragraph 4.1-4.4 of the Rules of the Civil Service Commission of the City of New Orleans. The Commission’s decision is subject to review on any question of law or fact upon appeal’to the Court of Appeal. La.Const. Art. X, § 12(B).
Cause for dismissal includes conduct prejudicial to the public service or detrimental to its efficient operation. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984). The appointing authority’s burden of proving the employee’s detrimental conduct is by a preponderance of the evidence, showing it to be more probable than not. Verret v. Department of Recreation, 499 So.2d 410 (La.App. 4th Cir.1986).
The Civil Service Commission must decide whether the appointing authority has good or lawful cause for taking disciplinary action and whether the punishment is commensurate with the dereliction. Walters v. Department of Police of New Orleans, supra.
The reviewing court has a multifaceted function:
In reviewing the Commission's findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.
Lombas v. Department of Police, 467 So.2d 1273, 1275 (La.App. 4th Cir.1985), writ denied 470 So.2d 120 (La.1985), quoting from Walters, 454 So.2d at 114.
Ratliff’s suspension and dismissal were based on two alleged incidents of misconduct. Ratliff admitted that he failed to turn in the gun and disregarded the regulations when he kept the gun. He said he gave the gun to his mother for protection. The Commission properly concluded that Ratliff committed a grievous offense.
Ratliff testified that on December 16, 1986 his partner, Officer Handy, left the police station about 3:15 a.m. and they met in the parking lot about 4:00 a.m. to begin patrolling. Handy corroborated that testimony. Handy said he went to the Club Nexus and returned 45 minutes later. However, Denise Holmes testified that *511 Handy was at Club Nexus at 4:30 a.m. There was testimony by Holmes and Handy relative to an altercation at the Club Nexus. Ratliff admitted that he did not inform his supervisor of Handy’s absence and he worked alone.
Ratliff was confronted with his December 17, 1986 statement (supplemented on December 18,1986) to Agent Reed of Internal Affairs concerning Handy’s absence. He stated that after Handy left on December 16, 1986, he next saw Handy the following evening at 7:00 p.m. when they reported to work. Ratliff claimed Agent Reed asked questions without the tape running and turned it on to record the answers he wanted. Ratliff claimed that he misunderstood Agent Reed’s questions. Although his December 23, 1987 statement said he intended to say that Handy was absent about 45 minutes, he admitted that Handy was absent from patrol and he did not report it.
The Commission noted conflicts in prior statements regarding Ratliff’s and Handy’s actions during the early morning hours of December 16,1986. The Commission properly concluded that Ratliff was clearly wrong in his failure to notify the supervisor of his partner’s absence.
CLAIM #4
Ratliff argues that a finding of guilt should have resulted in a suspension, not dismissal, because dismissal is an excessive penalty.
Counsel was not allowed to question Superintendent Woodfork as to disciplinary actions in other cases. That testimony was preferred. Evidence of less severe penalties in other cases does not prove excessiveness. The Department has discretion to assess the penalty in each case. See McKenzie v. New Orleans Police Department, 487 So.2d 534 (La.App. 4th Cir.1986).
The Commission noted that Ratliff violated his oath to protect and serve and helped to destroy the trust and respect which the community should feel toward police officers. Ratliff was alone on duty when two officers might have been needed and his supervisor was never informed. The Commission concluded that Ratliff’s dereliction of duty in both instances was a serious breach and had a detrimental effect on the Police Department’s efficient operation.
Dismissal is the most extreme form of disciplinary action. Verneuil v. Sewerage and Water Board of New Orleans, 485 So.2d 636 (La.App. 4th Cir.1986), writ denied 489 So.2d 921 (La.1986). Under these facts we find the punishment commensurate with the violations.
The Civil Service Commission was not arbitrary or capricious in upholding Ratliff’s dismissal.
The decision is affirmed.
AFFIRMED

. At the September 25, 1987 hearing when timeliness was discussed, the Hearing Examiner stated the hearing had not been scheduled because of a pending criminal investigation. The Examiner remembered a request (but not who made the request) not to hear the appeal until the criminal aspect had been resolved. Counsel for Ratliff declared there were no criminal charges against his client, but there might have been criminal charges against Officer Handy. At the November 3, 1987 hearing Handy testified that he had been charged with aggravated battery.