417 So.2d 377 (1982)
Carolyn WELLS
v.
DEPARTMENT OF CORRECTIONS, LOUISIANA STATE PENITENTIARY.
Frances FOSTER
v.
DEPARTMENT OF CORRECTIONS, LOUISIANA STATE PENITENTIARY.
Shirley THOMPSON
v.
DEPARTMENT OF CORRECTIONS, LOUISIANA STATE PENITENTIARY. (Two cases)
Nos. 14691-14694.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
On Rehearing June 29, 1982.
*378 John R. Rarick, St. Francisville, for appellant Wells.
Annette R. Seng, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellees.
Laura D. Holmes, Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for George Hamner, Director, Dept. of State Civil Service.
Jesse L. Means, Jr., St. Francisville, for appellants Foster and Thompson.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
These are consolidated cases appealed from a determination of the State Civil Service Commission upholding the discharge of Carolyn Wells, Frances Foster and Shirley Thompson from the positions they held at Louisiana State Penitentiary under the Department of Corrections as employees at the Agri-Business Commissary. The dismissals resulted from allegations of stealing cigarettes made with respect to each of the three discharged employees.
As stated in the opinion of the Civil Service Commission, the testimony of the three discharged employees was found not to be credible. The determination of the Civil Service Commission rests upon this point.
The matter was heard by a referee, as specifically permitted by Article X, Section 12 of the Louisiana Constitution of 1974. The recommendations of the referee in evaluating the credibility of the witnesses are not contained in the record. However, it is possible that the opinion, which does turn upon the credibility of witnesses and finds the testimony of the three discharged employees not to be credible, was the work of the referee, not of the Civil Service Commission.
The opinion states:

*379 "A public hearing was held on March 27, 1980, in Baton Rouge, before a referee appointed by the Commission. The sound recordings of the proceedings, the documents offered into evidence and the record have been furnished to the Commission for its consideration."
Under the holding of this Court in Goudeau v. Department of Public Safety, 349 So.2d 887 (La.App. 1st Cir. 1977), the members of the Commission must read and examine the transcript of testimony as made up before the referee, before arriving at an opinion or determination. Furthermore, the opinion of the Commission must indicate that due reading and examination has taken place. Here, the opinion of the Commission merely indicates that the sound recordings and the record (presumably without a transcript of testimony) were furnished to the Commission for its consideration; it does not state the Commission read and considered the transcript of testimony. Counsel for one of the discharged state employees has stated both in brief and in oral argument that the transcript of testimony had not even been prepared when the Commission's decision was filed. This assertion is not challenged by opposing counsel, nor does the record indicate the date of filing of the transcript. Furthermore, although the matter turns on the credibility of witnesses, the referee's evaluation of testimony (assuming the opinion itself is not that of the referee, which would be the outgrowth of highly improper procedure) is not in the record and is unknown to us. If the referee's evaluation of credibility was made known to the commissioners, it was required to be placed in the record. See Goudeau, supra. If the referee's evaluation of testimony was not made known to the commissioners, so that the Commission arrived at a determination solely on the cold record, then the value of the Commission's opinion as to the credibility of witnesses is rendered of little worth. So that a discharged employee will receive a full and fair review of his discharge, we hold that if a referee is used in a Civil Service Commission hearing and the discharge of the employee turned upon the credibility of witnesses, the recommendations of the referee must be included as part of the record of the proceedings.
As we stated in Goudeau v. Department of Public Safety, supra, a referee appointed by the State Civil Service Commission has only the authority to take testimony, and has no decisional power whatsoever. Since the decisional power is vested only in the Commission, it is incumbent upon it to carefully review the transcript of testimony in all cases, and to complete the record by indicating in its opinion that it has done so.
This matter is remanded to the Civil Service Commission for further proceedings not inconsistent with the views expressed herein. All costs to await a final determination of the matter.
REMANDED.

ON REHEARING
The Civil Service Commission takes the position that after the decision in Goudeau v. Department of Public Safety, 349 So.2d 887 (La.App. 1st Cir. 1977) was rendered, a new rule numbered 13.20 was adopted by the Commission which, the Commission argues, makes the reasoning and holding of Goudeau no longer applicable.
Rule 13.20 was amended to add the following two paragraphs:
"13.20 Referees
"(b) The proceedings before a referee shall be recorded and the recordings preserved until all delays for appeal have lapsed, but shall be transcribed only upon order of the Commission or the Director.
"(c) Upon conclusion of the proceedings, the referee shall provide the Commission the pleadings, exhibits, and the recordings of the proceeding."
The rules of the Civil Service Commission have the effect of law. Article X, Section 10(A)(4), Louisiana Constitution of 1974. However, Rule 13.20 does not in any way upset the basic rationale in Goudeau, which is that a referee has no decision-making authority, and that the transcript (whether written or in the form of a *380 taped transcription) must be read or heard by the Commission. The Commission cannot merely have access to the record; it must review the record. We note that Article X, Section 12 of the Louisiana Constitution requires the Civil Service Commission to "hear and decide" the cases before it. To pass the case on to a referee, with only a general and loose supervision, is not to "hear" the case within the contemplation of the constitutional provision. The Commission argues it is impractical to require the Commission to review all cases because of the volume of the caseload. But the plain language of the Louisiana Constitution cannot be ignored.
We note that in Bordelon v. Louisiana Dept. of Corrections, 398 So.2d 1103 (La. 1981), which involved commissioners of the Nineteenth Judicial District Court, a position loosely analagous to referees for the Civil Service Commission, the district judge himself is required to make "a de novo determination" of any disputed point. At the very least, the members of the Civil Service Commission must review disputed points, de novo, before rendering a decision. In the present case, although the case turns on the credibility of witnesses and the testimony is highly conflicting, there is no showing that the members of the Commission undertook or fulfilled their constitutional responsibility to review the record, even on disputed points. Hence, the determination of the Commission rests upon an unsound and improper procedure, and was properly overturned.
The original opinion of this court is reinstated, and the matter remanded to the Commission for proper review.