442 So.2d 552 (1983)
N.G. CARTWRIGHT
v.
DEPARTMENT OF REVENUE AND TAXATION.
No. 83-CA-0098.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*553 James A. Rountree, Hudson, Potts & Bernstein, Monroe, for first appellant.
Howard M. Romaine, Dept. of Revenue and Taxation, Baton Rouge, for second appellant.
Robert R. Boland, Jr., Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall Director of the Department of State Civil Service.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
N.G. Cartwright appeals the decision of the Civil Service Commission upholding his termination from the Department of Revenue and Taxation, where he was employed as a Revenue Tax Auditor III. For the reasons expressed below, we remand this matter to the Commission for further proceedings.

BACKGROUND FACTS
After suffering a heart attack in August, 1980, Cartwright returned to work on a part-time basis in late October. Fred Ussery, Cartwright's supervisor, was unsatisfied with his work, and suggested to Nellie Littleton, Ussery's secretary, that she talk with Cartwright about taking disability retirement. Upon hearing of Ussery's complaints from Littleton, Cartwright became upset and confronted Ussery on the matter in his office at the end of the day. What exactly occurred in Ussery's office is disputed, with Ussery claiming Cartwright threatened him, and Cartwright stating Ussery started the fracas. Regardless, both men exited the office arguing loudly, with Cartwright removing his coat and tie and challenging Ussery to fight. Littleton stepped between the men who subsequently calmed down and went home.
The Commission concluded in its decision of September 15, 1982, that Cartwright was insubordinate in inviting Ussery outside to fight. Both parties have appealed certain findings of the Commission. However, we do not reach these issues because of our remand for the reasons expressed below.

EXAMINATION OF TRANSCRIPT
The instant matter was heard by a referee on February 2, 1982, as specifically permitted by Article X, sec. 12 of the Louisiana Constitution of 1974.[1] The Commission opinion states in pertinent part:
"A public hearing was held in Monroe on February 2, 1982, before a referee appointed by the Commission. The sound recordings of the proceedings, the exhibits offered into evidence and the record have been furnished to the Commission for its consideration, from which it makes the following findings."
Under Goudeau v. Dept. of Public Safety, Div., Etc., 349 So.2d 887 (La.App. 1st Cir.), writ denied, 351 So.2d 165 (La. 1977), the Commission members must read and examine the transcript of testimony as made up before the referee, before arriving at an opinion or determination. Furthermore, the opinion must indicate that a due reading and examination has taken place. Wells v. Department of Corrections, Etc., 417 So.2d 377 (La.App. 1st Cir.), writ denied, 420 So.2d 983 (La.1982).
*554 Here, the opinion merely indicates that the sound recordings, exhibits and record were furnished to the Commission for its consideration. It does not state that the Commission read and considered the transcript of testimony. Moreover, it is doubtful whether the transcript of testimony had been prepared when the Commission's decision was filed. The record reveals that an extension for the return day on appeal was granted because there was an eight-minute gap discovered during the transcribing of the hearing tapes. Stipulations were obtained from the parties regarding this unrecorded testimony.
Furthermore, although the instant matter turns on the credibility of witnesses, particularly Ussery and Cartwright, the referee's evaluation of testimony is not in the record. In order that a discharged employee will receive a full and fair review of his termination, these recommendations must be present in the record when a referee is used to hear testimony and the discharge of the employee turns upon the credibility of witnesses. Wells, supra.
Accordingly, this matter is remanded to the Civil Service Commission for further proceedings not inconsistent with the views expressed herein. All costs to await a final determination of this matter.
REMANDED.
NOTES
[1] We note that La. Const. Art. X, sec. 12, has been amended. This amendment gives the referee the power to decide cases and also provides for the decision of the referee to become the final decision of the Commission in certain cases. The amendment became effective on October 15, 1982. The hearing and decision of the Commission on the merits occurred prior to the amendment; thus, the referee in the instant case did not have decision-making powers.