544 So.2d 62 (1989)
Timothy FRYE
v.
LSU MEDICAL CENTER IN NEW ORLEANS.
No. 88 CA 0390.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
Rehearing Denied June 23, 1989.
*63 Ross P. La Dart, Gretna, for appellant.
William A. Norfolk, Taylor, Porter, Brooks & Phillips, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Timothy Frye (appellant) seeks judicial review of a decision of the State Civil Service Commission (Commission) dated December 7, 1987, which denied his application for review of a referee's decision dated November 5, 1987, which denied his appeal from a one-day suspension from his position as electrician employed by the LSU Medical CenterNew Orleans.
On November 13, 1987, appellant timely filed an application for review of the referee's decision and assigned errors of fact and law. On December 7, 1987, the Commission took formal action on appellant's application, ruling that:
After having reviewed the application for review and the documents enumerated in Civil Service Rule 13.36(b)(5), the State Civil Service Commission hereby denies the application.
Appellant's initial argument is that:
1. The Commission erred in denying Appellant's Application for Review of Referee's Decision by not reviewing the transcript of the hearing prior to adopting the decision of the Referee as its own.
2. The Commission erred in adopting the decision of the Referee as its own without reviewing any of the evidence offered at the hearing.
Appellant directs our attention to article 10, section 12(A) of the Louisiana Constitution as amended. The pertinent language reads as follows:
The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission within fifteen calendar days after the decision of the referee is rendered.... If an application for review is timely filed with the commission and, after a review of the application by the commission, the application is denied, the decision of the referee becomes the final decision of the commission as of the date, the application is denied.
For purposes of this appeal, we find it unnecessary to interpret the language of the amended article 10, section 12(A) and will wait for another day to do so.
The Commission's rules, and Rule 13.-36(b)(5) in particular, must be considered by us because we have noted that the Commission failed to review all of the documents specified by appellant in his application for review. Notwithstanding the requirements of the rule which provide:
Specify which written documents are to be submitted to the Commission with the application for review. If no documents are specified, only the referee's decision, the request for appeal and the notice of disciplinary or other action will be submitted to the Commission with the application for review; ...
Appellant's application for review clearly states as follows:
It is further requested that a transcript of the entire hearing be prepared along with all of the exhibits offered into evidence therein: and, that this transcript along with all of the exhibits represent those documents which are to submitted to the Commission with this Application.
Of course, it was impossible for appellant to attach a copy of the transcript with this application for review because same was in the control on the Commission and its employees and was not even filed until February 3, 1988, long after the Commission's denial of the application for review on December 7,1987. Appellant's application for review unquestionably urged errors of fact. It was impossible to afford appellant any meaningful review without the transcript, which was in the Commission's control.
*64 Accordingly, we hold that appellant did not receive a complete review as contemplated by the ruled of the Commission, and specifically, Rule 13.36, and this matter is remanded to the Commission for further proceedings consistent with this opinion. Costs of this appeal, in the amount of $440.50, are taxed to the Commission.
REMANDED.