544 So.2d 81 (1989)
Timothy FRYE
v.
LOUISIANA STATE UNIVERSITY MEDICAL CENTER IN NEW ORLEANS.
No. CA 88 0595.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
Rehearing Denied June 23, 1989.
Ross P. La Dart, Gretna, for appellant.
William A. Norfolk, Taylor, Porter, Brooks and Phillips, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before CARTER, LANIER and LeBLANC, JJ.
LANIER, Judge.
This is an appeal from a decision of the State Civil Service Commission (Commission) which denied a classified employee's application for review of a referee's adverse decision.

PROCEDURAL FACTS On February 4, 1987, Timothy Frye, an electrician for Louisiana State University Medical Center in New Orleans, Louisiana, submitted his written resignation to his supervisor, Carlton Roy. On March 23, 1987, Frye filed an appeal with the Commission, alleging his immediate supervisor and others forced him to resign under duress. As relief, Frye requested that his resignation be rescinded and that he be reinstated. On August 12,1987, the appeal was heard before a referee appointed by the Commission. On November 20, 1987, the referee ruled against Frye. On December 4,1987, Frye applied to the Commission for a review of the referee's decision. The Commission denied the application on January 22, 1988, stating, in pertinent part, as follows: "After having reviewed the application for review and the documents enumerated in Civil Service Rule 13.36(b)(5), the State Civil Service Commission hereby *82 denies the application." This appeal followed.

EXAMINATION OF TRANSCRIPT
(Assignments of Error Numbers 1 and 2)
Frye argues that "[t]he Commission erred in denying Appellant's Application for Review of the Referee's Decision by not reviewing the transcript of the hearing prior to adopting the decision of the Referee as its own."
Civil Service Rule 13.36 provides, in pertinent part, as follows:
(a) Any party may file with the Commission an application requesting the Commission to review a decision of a referee on any question of law or fact.
(b) To be effective, an application for review of a referee's decision must:
1. Be in writing; and
2. Be filed in the Commission's office within fifteen (15) calendar days after the date that the referee's decision was filed with the Director; and
3. Contain the name and docket number of the appeal sought to be reviewed; and
4. Specify which factual findings and/or which conclusions of law are believed to be wrong. A general statement that the opinion is wrong or that the evidence does not support the findings will not be considered sufficient; and
5. Specify which written documents are to be submitted to the Commission with the application for review. If no documents are specified, only the referee's decision, the request for appeal and the notice of disciplinary or other action will be submitted to the Commission with the application for review; and
6. Contain a certificate that a copy of the application for review has been sent to the opposing party.
....
(f) A quorum of the Commission shall review every timely application for review as well as the documents specified in Subsection (b)(5) of this Rule.
[Emphasis added.]
Frye's application to the Commission states, in pertinent part, as follows:
It is further requested that a transcript of the entire hearing be prepared along with all of the exhibits offered into evidence therein; and, that this transcript along with all of the exhibits represent those documents which are to be submitted to the Commission with this Application.
The record shows that the Commission failed to review the transcript and documents specified by Frye in his application for review as required by Civil Service Rule 13.36(b). The transcript was not filed with the Commission until March 4, 1988. The Commission denied the application for review on January 22, 1988. The Commission did not follow its own rule in reaching its decision. Frye did not receive a complete review as contemplated by Civil Service Rule 13.36.
These assignments of error have merit.[1]

DECREE
For the above and foregoing reasons, the decision of the Commission is reversed, and this matter is remanded to the Commission for compliance with Rule 13.36. Louisiana State University Medical Center in New Orleans is cast for cost of filing this appeal at $110.50.
REVERSED AND REMANDED.
NOTES
[1] Because of our ruling, we need not address Frye's remainiing assignments of error.