552 So.2d 796 (1989)
Charles A. SCHNEIDER
v.
DEPARTMENT OF HEALTH AND HOSPITALS, Earl K. Long Memorial Hospital.
No. CA 88 1519.
Court of Appeal of Louisiana, First Circuit.
November 15, 1989.
Mark E. Falcon, Avant and Falcon, Baton Rouge, for appellant.
Taylor L. Caffery, Staff Atty., Dept. of Health and Hospitals, Office of the General Counsel, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before EDWARDS, LANIER and FOIL, JJ.
FOIL, Judge.
Charles A. Schneider appeals from the decision of the Louisiana Civil Service Commission (Commission) upholding appellant's demotion from Personnel Officer V to Personnel Technician II with the Department of Health and Human Resources, Earl K. Long Memorial Hospital (Department). For the reasons expressed below, we remand this matter to the Commission for further proceedings.

BACKGROUND FACTS
Mr. Schneider was employed with permanent status by the Department as Personnel Officer V. As such, he headed the Personnel Department at Earl K. Long Memorial Hospital. In response to severe budgetary concerns, the Louisiana Legislature enacted the 10-B Program to reduce salary expenditures during the fiscal year 1985-1986. The Program became effective July 15, 1985. Administrators of facilities such as Mr. Schneider's were required to follow the guidelines of the Program, the focus of which was to reduce positions and associated salaries by losing vacated positions to the 10-B Pool. The Pool was regulated by the Division of Administration (D.O.A.). Pool guidelines required that approval be obtained from the D.O.A. in order to regain a lost position and the associated salary.
By letter dated June 27, 1986, over the signature of William C. Bankston, Administrator of Earl K. Long Memorial Hospital, Mr. Schneider was demoted from Personnel Officer V to Personnel Technician II, effective July 3, 1986. The demotion was based on Mr. Schneider's failure to adequately discharge the duties of his office. Specifically, the letter set forth numerous charges of misconduct, several of which concerned *797 the failure to comply with the guidelines of the 10-B Program.
On July 25, 1986, Mr. Schneider filed a request for appeal, wherein he complained of his demotion. By opinion rendered on November 25, 1987, after a nine day hearing and subsequent taking of the matter under advisement, the Civil Service Referee granted Schneider's appeal, reversed the demotion, and reinstated him to his former position as of July 3, 1986. Specifically, the Referee found that mistakes and errors were made by Schneider's Personnel Department with regard to the 10-B Pool and otherwise. However, the Referee concluded as a matter of law that Schneider was not personally responsible for, nor the cause of the faults, failings and/or errors that were committed. The Referee noted these faults were relatively few in number and were insignificant considering the extent and nature of Schneider's duties, the demands made upon him and the resources available to him. Therefore, the Referee concluded cause did not exist for the demotion action.
The Department (as appointing authority) filed an application for review of the Referee's decision. On February 12, 1988, the Civil Service Commission granted the application for review and reversed the decision of the Referee, thereby denying Schneider's appeal and upholding his demotion. The Commission adopted "the statement of the appeal, the findings regarding preliminary matters, and the findings of fact all as contained in the Referee's opinion...." However, the Commission reached the following legal conclusion, in contrast to that reached by the Referee:
The appellant has been accused here, in essence, of either failing personally to perform important tasks, or failing to cause his office, through the work of his subordinates, to meet important responsibilities of his office. It appears to us that these charges against the appellant have been proven by the appointing authority. The charges proven against the appellant relate directly to the core responsibilities of his office in the critical times in which his institution found itself. The appellant, and the appellant's office, failed to meet these responsibilities. A Personnel Officer 5 is a senior manager and it appears to us that cause has been shown for the removing of the appellant from this job, and it further appears that the demotion effected upon the appellant is a proper course.
From the Commission's order upholding his demotion, Mr. Schneider brings the instant appeal. Appellant assigns nineteen specifications of error, but as we find merit in number one, we pretermit discussion of the remainder.

REVIEW BY COMMISSION
Appellant asserts that the Commission erred in failing to review the testimony of the hearing conducted before the Referee and the exhibits introduced in conjunction therewith, prior to rendering its opinion on the application for review.
The Louisiana Constitution of 1974, article X, § 12, provides in pertinent part:
Section 12. (A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee, with subpoena power and power to administer oaths, to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission....
Civil Service Rule 13.36(g), relative to applications for review of a Referee's decision, states:
(g) If the Commission grants the review, it shall listen to the pertinent portions of the sound recordings of the proceedings conducted before the referee, and thereafter, it may:
1. Remand the appeal with instructions to the referee; or
2. Affirm, reverse or modify the referee's decision based on the record developed before the referee; or
*798 3. Hold new hearings or take additional evidence or both and render its own decisions thereon. [Emphasis added.]
Prior to the 1982 amendment to La. Const. art. X, § 12, the referee did not have decision-making powers. The jurisprudence held that members of the Commission must read and examine (or "hear", if the transcript is in the form of a taped transcription) the transcript of testimony as made up before the referee, before reaching a decision. Further, the opinion of the Commission must indicate that due reading and examination has taken place. See Wells v. Department of Corrections, Louisiana State Penitentiary, 417 So.2d 377 (La.App. 1st Cir.), writ denied, 420 So.2d 983 (La.1982); Cartwright v. Department of Revenue and Taxation, 442 So.2d 552 (La.App. 1st Cir.1983). Although the constitutional amendment gives the referee the power to decide cases, it is clear the Commission must still listen to the sound recordings of the proceedings conducted before the Referee before taking any action on an application for review, under Civil Service Rule 13.36(g). It would be impossible to afford any meaningful review without doing so. See Frye v. LSU Medical Center in New Orleans, 544 So.2d 62 (La.App. 1st Cir.1989).
In the instant case, the hearing conducted before the Referee lasted for nine days. Twenty-two witnesses testified. The Department introduced forty-eight exhibits and Mr. Schneider introduced forty-seven exhibits. The issues presented relative to compliance with the 10-B Program were necessarily technical and complicated, the resolution of which turned on the credibility of numerous witnesses and the interpretation of a complex factual scenario. In its application for review to the Commission, the Department unquestionably urged errors of fact. The Department requested that the Commission undertake a full review of all testimony and the exhibits introduced into evidence.[1] In fact, in arguments set forth in the application, the Department explicitly directs the Commission's attention to specific portions of testimony, as well as certain documents and exhibits.
Although taped sound recordings of the testimony and the exhibits were available to the Commission, its opinion does not indicate that Rule 13.36(b)(5) or 13.36(g) were complied with. There is nothing in the Commission's opinion to suggest that it went beyond the Referee's opinion or the legal memoranda and briefs filed by the parties in reversing the Referee's decision.
We do not believe, as counsel for the Department suggests, that in reversing the challenged action, the Commission was solely rendering legal conclusions based on the Referee's findings of fact. The Commission did make two conclusions of law, based upon the Referee's findings of fact. Specifically, the Commission ruled as a matter of law that Mr. Schneider could be held accountable for the failures of his subordinates. Second, the Commission ruled that the failures were significant in that they went to the core responsibilities of his office. However, in concluding that cause for the demotion exists, the Commission made a third ruling: it found that the failures were unjustified and inexcusable. This is clearly a factual question, the determination of which could only be made after weighing all of the evidence presented on the issue. Indeed, Mr. Schneider's case was based, in large part, on his claim that the failures were justified and excusable because of the problems inherent in implementing *799 the 10-B Program in a hospital setting. A great deal of testimony was adduced on the issue of justifiability of the misconduct, and a proper resolution of the issue could only be made after reviewing and weighing the evidence. Because the Commission apparently did not review the evidence on this issue, it failed to fulfill its responsibility to afford a meaningful review in this case.
Accordingly, we conclude that Charles A. Schneider did not receive a complete review as contemplated by the Louisiana Constitution and the Rules of the Civil Service Commission. This matter is hereby remanded to the Commission for further proceedings consistent with this opinion. All costs are to await a final determination of this matter.
REMANDED.
NOTES
[1] The Department requested that all exhibits introduced into evidence be submitted to the Commission in conjunction with its application for review pursuant to Civil Service Rule 13.36(b)(5), which provides:

13.36 Application for Review of a Referee's Decision.
. . . . .
(b) To be effective, an application for review of a referee's decision must:
. . . . .
5. Specify which pleadings and exhibits offered into evidence are to be submitted to the Commission with the application for review. A transcript of the proceedings before the referee may not be specified as a pleading or exhibit under this rule. If no pleadings or exhibits are specified, only the referee's decision, the request for appeal and the notice of disciplinary or other action will be submitted to the Commission with the application for review; ...