600 So.2d 1368 (1992)
Regina C. FISHER
v.
DEPARTMENT OF SOCIAL SERVICES, OFFICE OF COMMUNITY SERVICES.
No. 91 CA 0617.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
*1369 J. Wayne Gillette, Paul A. Bonin, New Orleans, for appellant.
Gerard N. Torry, Staff Atty., Dept. of Social Services, Bureau of Legal Services, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service General Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director Dept. of State Civil Service.
Before COVINGTON, C.J., and LeBLANC and WHIPPLE, JJ.
LeBLANC, Judge.
This is an appeal from a decision of the Civil Service Commission denying appellant, Regina Fisher's, appeal.
Ms. Fisher is a classified employee of the Louisiana Department of Social Services, serving with permanent status. On January 19, 1990, she filed a letter with the Commission appealing "the denial of her appointment" to the position of Social Service Supervisor I for the Quality Assurance Program in the New Orleans office of the Department of Social Services. Subsequently, she filed a supplemental letter of appeal on February 13, 1990. In these letters, Ms. Fisher alleges essentially that she is more experienced and better qualified for the position than the person who received the appointment. She also alleges that this person is younger than she, and that there has been a consistent attempt by upper management to induce Ms. Fisher to retire because of her age.
On August 10, 1990, the Department of Social Services (Department) filed a motion for summary disposition of Ms. Fisher's appeal on the following grounds: 1) that the denial of a promotion is not appealable; and 2) that Ms. Fisher had not alleged discrimination with the specificity required under the Civil Service Rules. Ms. Fisher filed an answer in opposition to this motion.
A hearing in this matter was held before a referee on August 21, 1990. In ruling on the Department's request for summary disposition, the referee stated that Ms. Fisher's appeal was basically comprised of two claims: 1) that the promotion to the position *1370 in question was made in violation of Civil Service Rules; and 2) that she was not promoted to the position of Social Service Supervisor I as the result of discrimination. With respect to the first claim, the referee denied the request for summary disposition. However, he agreed with the Department's contention that Ms. Fisher had failed to state a discrimination claim with the specificity required by Civil Service Rule 13.11(d). Rather than dismissing her discrimination claim at that time, however, the referee gave Ms. Fisher an opportunity to amend her pleadings to meet this requirement. Thereafter, the hearing proceeded on Ms. Fisher's claim that the promotion was not made in accordance with the civil service rules.
Subsequent to the hearing, the referee issued a NOTICE OF DEFECTIVE APPEAL to Ms. Fisher, giving her until September 25, 1990, to file a written amendment to her appeal to sufficiently state a discrimination claim. On September 24, 1990, Ms. Fisher filed a supplemental notice of appeal.
Thereafter, the referee issued his opinion, which was filed on October 24, 1990, finding that Ms. Fisher's "allegations of discrimination even as amended are mere conclusion (sic) of discrimination and are insufficient to form the basis of an appeal." The referee further concluded that no violation of civil service rules was shown in the manner in which the Social Service Supervisor I position was filled. Accordingly, Ms. Fisher's appeal was denied.
On November 7, 1990, Ms. Fisher filed an application with the Commission for review of the referee's decision. By order filed on December 28, 1990, the Commission denied Ms. Fisher's application, whereupon the referee's decision became the final decision of the Commission. Ms. Fisher has now appealed from this decision.
On appeal Ms. Fisher raises the following issues:
1. Whether her letters of appeal stated a discrimination claim with the specificity required by Civil Service Rule 13.11(d), so that it was error to summarily dispose of her claim without a hearing?
2. Whether the Commission may deny an application for review of a referee's decision without reading and examining the transcript of the proceedings held before the referee?
3. Whether the conclusion that no rule violation was established is erroneous?

MOTION TO STRIKE
Before considering the issues raised by appellant, we must dispose of one preliminary matter. Subsequent to the filing of her original appellate brief, appellant filed a motion to supplement her brief with a copy of a decision of the Equal Employment Opportunity Commission (EEOC), which purportedly concluded that Ms. Fisher had been the subject of age discrimination. After Ms. Fisher's motion was granted, the Department filed a motion to strike the supplemental attachment to appellant's brief on the grounds that the motion did not contain a copy of a certificate of service on opposing counsel as required by Uniform Rules-Courts of Appeal, Rule 2-7.2 and that the purported decision was immaterial. This Court issued an order referring the Department's motion to the merits.
We hold that the Department's motion to strike is well-founded. The decision which Ms. Fisher attached to her brief is not part of the record of the proceedings below. An appellate court may not consider evidence that is not part of the record. Levy v. Our Lady of the Lake R. Med. Ctr., 546 So.2d 592 (La.App. 1st Cir.), writ denied, 550 So.2d 653 (1989). Accordingly, the EEOC decision will not be considered herein, and we grant the Department's motion to strike this supplemental attachment to Ms. Fisher's brief. See, Economy Auto Salvage v. Allstate Ins. Co., 499 So.2d 963 (La.App. 3rd Cir.), writ denied, 501 So.2d 199 (1986).

ISSUE ONE
Ms. Fisher contends the Commission erred in dismissing her discrimination *1371 claim on the basis that it was not pled with the specificity required by Civil Service Rule 13.11(d). We agree with Ms. Fisher's contention that the Commission erred.
Rule 13.11(d) provides as follows:
A notice of appeal must
. . . . .
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
1. the date, time and place the discriminatory action took place;
2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.
Where a violation of the Article or a Rule is alleged to be a basis for appeal, specific facts supporting the conclusion that a violation has occurred must be alleged in sufficient detail to enable the agency to prepare a defense.
The purpose of this rule is two-fold: 1) to apprise the appointing authority and the Commission of the material facts in dispute and therefore establish the scope of the evidentiary hearing; and, 2) to enable the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues. Rocque v. Dept. of Health & Human Resources, 505 So.2d 726 (La.1987). This requirement of specificity is reasonable in that it relieves the appointing authority of the disadvantage of having to defend against vague and unspecified charges of discrimination and thereby clearly defines the scope of the hearing. Legros v. Dept. of Public Safety, Etc., 364 So.2d 162 (La.App. 1st Cir.1978), writ denied, 366 So.2d 562 (1979).
In the present case, appellant filed one original and two supplemental letters of appeal, as well as an answer to the Department's motion for summary dismissal. Although they are not artfully drawn, a close examination of these pleadings convinces us that they satisfy the dual purposes of the specificity requirement of Rule 13.11(d).
With respect to her discrimination claim, Ms. Fisher alleges she was not promoted to the position of Social Service Supervisor I because of her age and in retaliation for a prior incident resulting in a disciplinary action in which she ultimately prevailed.[1] Giving specific reasons for her conclusion, she further alleged that she is better qualified and more experienced than the person who received the promotion in question. Appellant specifically named this person and also noted that this person is younger than she, 51 years old as compared to 65 years old. She additionally contended that the method of appointment to this promotion, which was established by her supervisor, Ms. Corbello, was discriminatory against her. In particular, she contends that the selection panel appointed by Ms. Corbello actually chose her for the position in question, but that due to Ms. Corbello's *1372 arbitrary method of appointment, appellant did not receive the promotion.
In view of the specific allegations made by Ms. Fisher, we believe, despite some imperfections and omissions in her pleadings, that the Department and the Commission were given fair notice of the material facts in dispute so as to establish the scope of an evidentiary hearing on appellant's discrimination claim and to allow the Department to prepare a defense thereto. For this reason, we conclude the Commission erred in denying Ms. Fisher's discrimination claim without a hearing. Accordingly, that portion of the Commission's decision denying Ms. Fisher's discrimination claim is hereby reversed, and this matter is remanded to the Commission for a hearing on this claim.

ISSUE TWO
In arguing that the Commission was required to read and examine the hearing transcript before denying her application for review, Ms. Fisher relies on four cases which we conclude do not support her argument.
Initially, we note that appellant's reliance on Wells v. Department of Corrections, Etc., 417 So.2d 377 (La.App. 1st Cir.), writ denied, 420 So.2d 983 (1982), and Cartwright v. Dept. of Revenue & Taxation, 442 So.2d 552 (La.App. 1st Cir.1983), is misplaced since the action of the Commission complained of in each of those cases predated the 1982 amendment to Louisiana Constitution Art. 10, § 12, which became effective October 15, 1982. This amendment granted referees appointed by the Commission decision-making powers. The rationale of the Wells and Cartwright cases, which held that the Commission must read and examine a hearing transcript before ruling on a case, was based on the fact that under Art. 10, § 12, as it then existed, only the Commission had the power to hear and decide cases. This rationale is no longer applicable.
Appellant also cites Fyre v. La. State University Med. Ctr., 544 So.2d 81 (La. App. 1st Cir.), writs denied, 550 So.2d 652 and 655 (1989), in support of her argument. In Fyre a classified civil service employee filed an application for review of a referee's adverse decision with the Commission. In his application for review, the employee specifically requested that a transcript of the hearing before the referee be submitted, along with other documents, to the Commission. The Commission denied the application for review without reviewing the transcript. This Court held that the Commission's failure to review the transcript was reversible error in view of Civil Service Rule 13.36(b)5, which allowed an employee to specify which written documents were to be submitted to the Commission with an application for review, and Rule 13.36(f), which required the Commission to review the documents so specified. In this case, even if Ms. Fisher had requested that the hearing transcript be submitted to the Commission, which she did not do, Rule 13.36(b)5 was amended subsequent to Fyre to provide that a "transcript of the proceedings before the referee may not be specified as a pleading or exhibit". Accordingly, Fyre does not provide any support for Ms. Fisher's position.
Nor do we find the final case cited by appellant, Schneider v. Dept. of Health & Hospitals, 552 So.2d 796 (La.App. 1st Cir. 1989), affords any support for her argument. In Schneider a civil service referee held that the demotion of Mr. Schneider was without cause. The Commission granted the application for review filed by Schneider's employer, and reversed the decision of the referee, without listening to the sound recording of the hearing before the referee or examining a transcript. On appeal this Court held that the Commission erred in reversing the referee's decision without listening to the sound recording of the hearing since Rule 13.36(g) provided, at that time, that:
If the Commission grants the review, it shall listen to the pertinent portions of the sound recordings of the proceedings conducted before the referee ... *1373 Since the Commission denied Ms. Fisher's application for review herein, rather than granting it, the present situation is clearly inapposite to the situation in Schneider.

For these reasons, Ms. Fisher's assertion that the Commission erred in denying her application for review without examining the hearing transcript lacks merit.

ISSUE THREE
Ms. Fisher's final argument is that the referee and the Commission erred in concluding no violations of civil service rules occurred. Although appellant refers to several rules in her brief, she does not specify how these rules were violated with regard to the promotion in question. In actuality, the primary thrust of appellant's argument in brief on this issue is to the effect that she is the victim of discrimination because of her age and in retaliation for her conduct during the "waiver incident".
Initially, we observe that appellant's arguments regarding discrimination are not pertinent to the issue of whether a rule violation occurred.[2] Further, after a thorough review of the entire record and the pertinent rules, we find no error in the Commission's conclusion that appellant did not establish any violation of the civil service rules with respect to the manner in which the appointment to the position of Social Service Supervisor I was made, or the failure to promote Ms. Fisher to this position.[3]

CONCLUSION
For the reasons assigned, that portion of the decision of the Civil Service Commission denying Ms. Fisher's appeal on her discrimination claim is reversed and this matter is remanded to the Commission for further proceedings consistent with this opinion. The Commission's decision is affirmed in all other respects. Ms. Fisher and the Department of Social Services are each to pay one-half of the costs of this appeal, in the amount of $407.00 each.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] Civil Service Rule 1.14.1 states that "`[d]iscrimination' means consideration of religious or political beliefs, sex, race, or any other non-merit factors." [emphasis added].
[2] Upon remand of this matter, appellant will have the opportunity to present all evidence relevant to her discrimination claim at the hearing to be held on that claim.
[3] On December 21, 1989, Ms. Fisher was retroactively detailed to the position of Social Service Supervisor I for the period between June 5, 1989 and December 17, 1989, which was prior to the time that the position was permanently filled. She alleges that this was a violation of Civil Service Rule 8.16(d), which deals with "Detail to Special Duty". This rule requires that no detail beyond one month be made without the approval of the Director. In his written opinion the referee made the following conclusion with respect to this argument:

The approval of the Director of the Department of State Civil Service, although retroactively given, was given on April 3, 1990. Further, even if the rules (sic) were violated, it would not follow that the employee is entitled to remain in the position on a permanent basis. It would only mean that the detail may not continue.
We agree with the rationale stated by the referee.