STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-654

CHERYL LAVERGNE

VERSUS

RAPIDES PARISH POLICE JURY

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 249,665
HONORABLE GREGORY BEARD, DISTRICT JUDGE

**********

**JIMMIE C. PETERS**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

George C. Gaiennie, III
Gaiennie Law Firm, L.L.C.
1920 Jackson Street
Alexandria, LA 71301
(318) 767-1114
COUNSEL FOR PLAINTIFF/APPELLANT:
    Cheryl Lavergne

**Chris J. Roy, Sr.**
**Chris J. Roy, Sr. Law Office, L.L.C.**
**1920 Jackson Street**
**Alexandria, LA 71301**
**(318) 767-1114**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Cheryl Lavergne**

**Daniel E. Broussard, Jr.**
**Broussard, Halcomb & Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71309**
**(318) 487-4589**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Rapides Parish Police Jury**

**Phillip Terrell**
**District Attorney**
**Steven P. Mansour**
**Assistant District Attorney**
**Ninth Judicial District**
**P. O. Box 13557**
**Alexandria, LA 71315**
**(318) 442-4855**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Rapides Parish Civil Service Board**

**PETERS, J.**

The plaintiff, Cheryl Lavergne, seeks review of the district court judgment dismissing her appeal from the Rapides Parish Civil Service Board's decision to uphold the termination of her employment by the Rapides Parish Police Jury. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

The undisputed facts with regard to the matter now before this court are that after an October 18, 2013 hearing, the Rapides Parish Police Jury (Police Jury) terminated Ms. Lavergne's employment with it effective October 23, 2013. It is also undisputed that Ms. Lavergne was a classified employee of the Police Jury and subject to the protection of the Rapides Parish Civil Service Rules. Pursuant to those rules, Ms. Lavergne appealed the termination of her employment to the Rapides Parish Civil Service Board (Board), and following a February 20, 2014 hearing, the Board voted unanimously to uphold the Police Jury's termination.[1]

On March 17, 2014, Ms. Lavergne filed a petition in the Ninth Judicial District Court,[2] naming the Police Jury as a defendant and seeking a judgment reinstating her as a Police Jury employee retroactive to the date of termination and ordering the Police Jury to pay her back wages and benefits for the time between the termination of her employment and her reinstatement. In her petition, Ms. Lavergne traced the history of the termination process in her case and asserted that her discharge as a Police Jury employee was (1) without cause; (2) as a result of her exercise of her rights against self-incrimination; (3) as a result of events that

---

[1] As the record contains no evidence of the action of the Police Jury or the Board, all factual assertions in this opinion are based on the pleadings and briefs which are a part of the record before us.

[2] The geographical area of the Ninth Judicial District is Rapides Parish, Louisiana.

had no connection to her employment; (4) in violation of the Police Jury's personnel policy; and (5) in violation of the Rapides Parish Civil Service Rules.

On April 8, 2014, the Police Jury filed an answer to Ms. Lavergne's petition wherein it asserted additional background relative to the facts and procedure involving Ms. Lavergne's employment termination; asserted that the decision of the Board in upholding the action of the Police Jury "was not manifestly erroneous, arbitrary or capricious and was supported by the evidence adduced at the hearing[,]" and prayed for the dismissal of her petition. On April 10, 2014, the Police Jury amended its answer to add more factual background.

Sometime in the summer of 2014, Ms. Lavergne, through her trial counsel, scheduled six depositions for August 27, 2014. The Police Jury responded on August 15, 2014, by filing a motion to strike three[3] of the six depositions and for a protective order to prevent Ms. Lavergne from taking those depositions in the future.[4] Apparently, all of the noticed depositions were continued from August 27, 2014, because on September 4, 2014, the Board, not the Police Jury, filed a motion to strike the other three depositions as well as a request for a protective order to prevent Ms. Lavergne from attempting to take these three depositions in the future.[5] A hearing on both motions was scheduled for October 13, 2014.

---

[3] The three individuals at issue were Joe Bishop, President of the Police Jury; Donna Andries, Tax Administrator of the Rapides Parish Sales and Use Tax Department; and Joe Aguillard, former President of Louisiana College in Pineville, Rapides Parish, Louisiana.

[4] The Police Jury also raised an issue concerning the propriety of one of Ms. Lavergne's attorneys representing her interest. That issue was again raised at oral argument before this court, but because of the complete lack of an evidentiary record, it cannot be considered.

[5] The three individuals at issue in this filing were Ingrid Johnson, Dr. Michael Shamblin and Linda Sanders. Ms. Johnson and Dr. Shamblin were identified as members of the Board, and Ms. Sanders was identified as the Rapides Parish Civil Service Director. The attorney representation issue was also raised in the motion filed by the Board.

On September 19, 2014, the Police Jury filed a motion to dismiss Ms. Lavergne's action pending before the district court based on her failure to comply with the applicable provisions of the Rapides Parish Civil Service Rules in attempting to perfect her appeal of the Board's decision. Specifically, the Police Jury asserted that Ms. Lavergne failed to comply with Rule 4.16(a) of the Rapides Parish Civil Service Rules, in that she did not timely serve the Board with a written notice of appeal containing the information required by Rule 4.16(a). The Police Jury attached the affidavit of Linda Sanders, the Rapides Parish Civil Service Director, attesting to the fact that the Board did not receive the notice required by Rule 4.16(a). The district court set that motion for October 13, 2014, as well.

On September 22, 2014, Ms. Lavergne amended her petition to join the Board as an additional defendant and to assert that the Board was "unlawfully constituted and appointed through the legal fault of Rapides Parish Police Jury" at the time it rendered the decision in favor of the Police Jury. Specifically, she asserted that two of the four members of the Board who presided in her case were not properly appointed. After the filing of the amended petition, the district court continued the October 13, 2014 hearing at the request of Ms. Lavergne and without opposition from the Police Jury. At the request of the Police Jury, the district court reset the hearing for December 1, 2014. The motions were later reset for February 2, 2015.

The Board answered the amendment to the original petition on October 24, 2014. Its answer took the form of a general denial of the allegations of the amended petition. The Police Jury filed its answer to the amendment to the original petition on November 5, 2014. In its answer, the Police Jury asserted that Ms. Lavergne voluntarily participated in the Board hearing, that she did not raise a

3

question concerning the legal status of the Board members during the hearing, and that she could not now raise these issues for the first time before the district court.

The record before us does not contain a transcript of the February 2, 2015 hearing on the motions. The district court minutes of that day state that:

> As to the motion to dismiss appeal-matter was taken under advisement; and as to the motion to strike deposition and quash subpoena-matter is now moot. A ruling on the issue of a protective order by defendants was deferred until a ruling on the motion to dismiss appeal.

On February 25, 2015, the district court recorded its oral reasons for judgment in the district court minutes of that day. In its reasons, the district court cited the constitutional and statutory authority for the Board's existence and authority; found Rule 4.16(a) to be applicable to Ms. Lavergne's legal action; found that she had not complied with Rule 4.16(a); and rendered judgment dismissing her appeal to the district court. However, in the process of setting fourth its oral reasons, the district court also referred to the constitutional provisions relative to civil service systems established directly by constitutional authority and without the necessity of statutory or local government implementation, as is the case with the Police Jury in Rapides Parish.

The district court signed a written judgment dismissing Ms. Lavergne's appeal on March 18, 2015, and Ms. Lavergne responded by filing a motion for new trial on March 31, 2015. After an April 27, 2015 hearing, the district court rejected the motion for new trial. The record does contain a transcript of that hearing.

In her argument to the district court on the motion for new trial, Ms. Lavergne asserted that the Board had no authority to enact Rule 4.16 pursuant to the authority set forth in La.R.S. 33:2452(B)(3)(e), and that the Board's authority to enact rules affecting the process does not extend past its authority to hold a

4

hearing. To allow the Board such authority, she argued, would improperly divest the district court of its appellate jurisdiction and would deny her due process rights and access to the courts guaranteed by La.Const. art. 1, §§ 19 and 22. On the other hand, Ms. Lavergne acknowledged that had the legislation which created the Rapides Parish Civil System provided for the same notice requirement as does Rule 4.16, her due process rights would have been satisfied, and her claim would have no merit.

On May 4, 2015, the district court signed a judgment rejecting the motion for new trial. Thereafter, Ms. Lavergne perfected this appeal. She also sought supervisory writs from this court based on the denial of her motion for new trial. However, this court denied her application for supervisory writs based on a finding that she had an adequate remedy through her appeal. *Lavergne v. Rapides Parish Police Jury*, 15-496 (La.App. 3 Cir. 6/29/15) (unpublished opinion).

On appeal, Ms. Lavergne argues that the district court erred in dismissing her appeal and in denying her motion for new trial.

## OPINION

In Louisiana, a civil service system can be created either directly by the Louisiana Constitution or by statute or local ordinance pursuant to constitutional authority. Not only does La.Const. art. 10 create and establish the rules for operating the state civil service system and all systems in cities with a population exceeding 400,000,[6] but it also provides for the establishment and operation of systems within parishes and smaller cities. Louisiana Constitution Article 10, § 14 provides a process by local option election for the creation of a civil service system in cities with populations exceeding 10,000 but less than 400,000, in parishes, and

---

[6] These civil service systems had already been established in some form by La.Const. art. 14, § 14 of the 1921 Constitution.

5

in city-parish governing units with a population greater than 10,000. When created, these civil service systems are governed by the same provisions of La.Const. art. 10 which govern the state-wide and larger city systems. La.Const. art. 10, § 14(B). Additionally, La.Const. art. 10, § 15 provides, in pertinent part, that:

> Nothing in this Part shall prevent the establishment by the legislature, or by the respective parish governing authority, of a parish civil service system in one or more parishes . . . or the establishment by the legislature or by the respective municipal governing authority of a municipal civil service system in one or more municipalities having a population of less than four hundred thousand, in any manner now or hereafter provided by law.[7]

The Rapides Parish Civil Service System is one of those systems established by the legislature pursuant to La.Const. art. 10, § 15. This was accomplished by 1993 La. Acts No. 387, § 1;[8] and the provisions of the system are embodied in La.R.S. 33:2451-2454. Under this legislative mandate, the Police Jury bears the responsibility for the appointment and dismissal of all parish employees covered by the system. La.R.S. 33:2451(C). Additionally, the legislation creates a civil service department, with a director as its administrative head and a five-member board as the "policymaking and quasi judicial" body. La.R.S. 33:2452(A)(1). Among the director's initial duties was the drafting of the rules under which the civil service department would operate. La.R.S. 33:2452(B)(3). These rules were to include, among other things, "[t]he procedure for layoffs[,] suspension, demotion, and dismissal of employees, which shall provide for public hearings before the personnel board in cases of demotion or dismissal of permanent

---

[7] Excluded from membership in these civil service systems were parish teachers, professional staffs, and school administrative officers; paid firemen and police officers in cities exceeding 13,000 in population with paid fire and police departments; and paid firemen in all parish and fire protection districts. La.Const. art. 10, § 15.

[8] A second act, 1993 La. Acts No. 135, § 1, containing almost identical language was also passed by the legislature and approved by the governor.

employees." La.R.S. 33:2452(B)(3)(e). It is not disputed that at the time of Ms. Lavergne's dismissal from her employment with the Police Jury, the Board had approved and implemented its operating rules and that they were considered to "*have the full force of law*." La.R.S. 33:2452(B)(3) (emphasis added).

Among the statutory duties of the Board is to "[h]old hearings on dismissals, demotions, and other disciplinary matters as may be provided in the rules." La.R.S. 33:2453(2). Additionally, "[t]he right to appeal from any decision of the board or from any action taken by the board under these provisions shall lie direct to the court of original and unlimited jurisdiction in the civil suits for the parish of Rapides." *Id.* Furthermore, La.R.S. 33:2453(6) provides a catch-all clause relative to its duties by asserting that the Board shall "[p]erform such other policymaking or quasi judicial duties as may be required under the rules developed pursuant to this Section."

As previously stated, the rule at issue in this litigation is Rule 4.16, and particularly Rule 4.16(a). The complete rule reads as follows:

> Any classified employee and any appointing authority shall have the right to appeal from any decision of the Board, or from action taken by the Board under the provisions of Act 387 which is prejudiced to said employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in the civil suits for the parish of Rapides. The procedure for appealing a ruling of the Board to the 9th Judicial District Court is as follows:

> a. The party wishing to appeal the board's decision shall proceed by filing a petition with the 9th Judicial District Court seeking a review of the decision of the Board and stating the reasons in support thereof. Such appeal shall be taken by serving the Board within thirty (30) days after entry of its decision, a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record, if any, or written findings of facts, and all papers on file in the office of the Board affecting or relating to such decision be filed with the designated court. The Board shall, within thirty (30) days after filing of such notice of appeal, make, certify and file such complete transcript or written findings of facts with the designated court.

7

b. The party appealing the ruling, whether such a party is the employee or the Appointing Authority, shall appear as the plaintiff in the petitions, and the other party shall be named as defendant. The defendant shall be served with the appeal petition and citation as required by law.

c. The Board shall not be a party to any appeal, and if it is named as a party in the appeal, it shall be summarily dismissed upon motion of the employee, the Appointing Authority, or the court on its own motion.

d. After a petition for review of the Board's ruling has been filed, any party to the action may request that the record of the proceedings be filed with the Court. All requests shall be made in writing to the Director and shall include the caption and docket number of the suit. Within 30 days after receipt of the written request, the Director shall forward a certified copy of all documents on file with the Board to the Court. The Director shall notify all parties of the filing of the record.

e. The Court shall be limited in its review of the findings of the Board to the testimony, documents, and exhibits placed into evidence at the hearing before the Board, as well as the written findings of the Board. The Court shall not permit the introduction of new evidence on appeal of the Board's findings.

f. The Court's ruling on appeal shall be limited to a determination of whether the Board's ruling was in error in light of the documents, testimony, and other evidence presented and considered by the Board. The Board's findings shall not be overturned on appeal unless deemed by the Court to be manifestly erroneous and/or contrary to law.

g. The Board shall have no legal interest in the outcome of an appeal. The Board shall have no duty or responsibility to support or defend its decision and ruling on appeal.

Turning to the record before us, we must note that much of its content is not helpful to the evaluation of the issue before us. At no point did Ms. Lavergne state in her petition that she was seeking review of the Board's decision. In its answer, the Police Jury also failed to assert the limited review status of the matter. Instead, it answered the petition as if it was an ordinary process. This, standing alone, would have been of little consequence but for the fact that subsequent to the initial pleadings being filed, Ms. Lavergne joined the Board as a party defendant in the

8

proceeding, and Ms. Lavergne has attempted to structure the proceeding to require an evidentiary hearing on the issues raised.

The matter before the district court is *an appeal* of the decision of the Board. That being the case, the district court sits as a court of appeal and not as a court of first resort. Judicial review does not allow for the consideration of evidence not introduced in the forum under review. *Fisher v. Dep't. of Soc. Servs., Office of Cmty. Servs.*, 600 So.2d 1368 (La.App. 1 Cir. 1992).

Given the scope of review provided the district court as well as this court, we decline to consider the pleadings filed subsequent to the original petition that attempt to expand on the sole issue before us—whether the district court erred in dismissing Ms. Lavergne's appeal for failure to give the appropriate notice to the Board as required by Rule 4.16(a).

The fact that Ms. Lavergne did not comply with Rule 4.16(a) is undisputed. The Board rendered its decision on February 20, 2014, and Ms. Lavergne filed her petition for appeal on March 17, 2014. Although she filed her petition within the thirty-day window provided by Rule 4.16(a), she neither served the Board with a written notice of appeal, nor demanded that the Board prepare the appropriate record to be submitted to the district court. Absent this notice, the Board had no obligation to prepare a record for the district court's review.

In her brief on appeal, Ms. Lavergne asserts that the Board received notice by virtue of being named as a defendant in her supplemental and amending petition, and that no other notice is required because no *statute* other than La.R.S. 33:2453(2) addresses the appeal process for the Police Jury. As previously stated, that statute merely states that "[t]he right to appeal from any decision of the board or from any action taken by the board under these provisions shall lie direct to the

9

court of original and unlimited jurisdiction in the civil suits for the parish of Rapides." She asserts that the Board has no authority to adopt any rules supplementing the requirements of La.R.S. 33:2453(2), and she complied with that statute by filing her suit in the Ninth Judicial District Court in Rapides Parish.

While we agree that La.R.S. 33:2453(2) is silent as to any appeal requirement other than filing in the Ninth Judicial District Court in Rapides Parish, we do not agree that the language thereof should be construed to preclude the use of other authority in setting the parameters for filing an appeal of the Board's decision. In making this argument, Ms. Lavergne ignores the enabling language of La.R.S. 33:2452(B)(3), which gives the civil service director the authority "[t]o prepare civil service rules to carry out the provisions of this Section" and vests those rules with "the full force of law."

The notice requirements of Rule 4.16(a) are hardly different from similar notice rules. With regard to the state board created directly by the Louisiana Constitution, the aggrieved party must file an "application" to the commission "within thirty calendar days after its decision becomes final" to perfect an appeal to the court of appeal where the commission is located. La.Const. art. 10, § 12(A). The same is required of an appeal from a city commission established by the Louisiana Constitution. La.Const. art. 10, § 12(B). With regard to the civil service systems established by local option election pursuant to La.Const. art. 10, § 14, nothing is said in that article concerning the procedural aspects of operation and, therefore, they are governed by local rule. In fact, is this were an ordinary civil proceeding originating in the district court, any attempt at obtaining appellate review of the district court's judgment would require the presentation of a motion

10

(oral or written) or petition to the district court within a specific delay period to start the process. La.Code Civ.P. art. 2121.

Ms. Lavergne also asserts that La.Const. art. 10, § 15 does not provide for the adoption of local rules by the civil service systems created thereunder. She argues in brief that "[b]y adding Section 15 the drafters [of the Louisiana Constitution] simply emphasized that the legislature retained authority to establish a parish civil service system." In making this argument, Ms. Lavergne cites the court to a partial reading of La.Const. art. 10, § 15 as follows:

> Section 15. Nothing in this Part shall prevent the establishment by the legislature … of a parish civil service system in one or more parishes, applicable to any or all parish employees, *** in any manner now or hereafter provided by law.

Filling in the pertinent blank, that provision of the Louisiana Constitution reads as follows:

> Section 15. Nothing in this Part shall prevent the establishment by the legislature, *or by the respective parish governing authority,* of a parish civil service system in one or more parishes, applicable to any or all parish employees, *** in any manner now or hereafter provided by law.

La.Const. art. 10, § 15 (emphasis added).

Given the fact that a parish governing authority can establish a civil service system without legislative action, it stands to reason that such a system would be responsible for formulating its own rules necessary for carrying out its obligations. Nothing suggests to this court that a civil service system created by statute is required to have its rules of operation defined by statute. Additionally, we find nothing within the structured procedure before us that would suggest that Ms. Lavergne has been denied her right to judicial review guaranteed by La.Const. art. 1, § 19 or has been denied her right of access to the courts guaranteed by La.Const. art. 1, § 22.

11

In this case, Ms. Lavergne failed to comply with the notice requirement of Rule 4.16(a), and continues to do so. That inaction on her part has left her appeal of the Board's decision in limbo during the time of this litigation, and we find no merit in her argument that notice is not a requirement of her perfecting her appeal. Accordingly, we find no error in the district court's dismissal of Ms. Lavergne's appeal for her failure to comply with Rule 4.16.

## DISPOSITION

For the foregoing reasons, we affirm the district court's dismissal of Cheryl Lavergne's appeal of the decision of the Rapides Parish Civil Service Board. We assess all costs of this appeal to Cheryl Lavergne.

**AFFIRMED.**